ELLEN DOWNING *vs.* WILLIAM G. PORTER & others.

A search warrant for intoxicating liquors under *St.* 1855, *c.* 215, § 25, is not invalidated by so misnaming one street in the description of the place where the liquors are kept as to make the application of the whole description impossible, if in other respects the place is described truly, and so as to identify it with the place described in the complaint.

A search warrant under *St.* 1855, *c.* 215, § 25, sufficiently describes the liquors intended to be seized as "a certain quantity of gin, being about and not exceeding one hundred gallons."

The provision of *St.* 1855, *c.* 215, § 25, that a search warrant for intoxicating liquors "shall be supported by the oath of the complainant," is complied with by the complainant's making oath to the complaint upon which the warrant is issued.

A search warrant for intoxicating liquors under *St.* 1855, *c.* 215, § 25, need not direct the complainant to be summoned to appear as a witness at the hearing of the complaint.

ACTION OF TORT for breaking and entering the plaintiff's close in Chicopee, and taking and carrying away a quantity of intoxicating liquors and the vessels containing the same.

The defendant Porter justified as a constable of Chicopee, and the other defendants as his assistants, under a search warrant issued by the police court of Chicopee against the plaintiff, for a violation of *St.* 1855, *c.* 215, § 25.

At the trial in the court of common pleas, the plaintiff objected to the legality of the warrant, upon several grounds, which are stated in the opinion of the court. *Bishop,* J. ruled that it was illegal; the jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*R. A. Chapman,* for the defendants.

*G. M. Stearns,* for the plaintiff.

DEWEY, J. The questions particularly considered by the court in the present case arise upon the objections taken to the legality of the warrant under which the articles were seized by the defendant Porter as a constable of Chicopee.

1. It is objected to the warrant that it did not require or authorize a search to be made upon the premises upon which the officer entered. The ground of this objection arises from the supposed misdescription of the premises. In the complaint, which is upon the same paper as the warrant, and was put into the officer's hands with the accompanying warrant, the property for which search was to be made is alleged to be kept and deposited " in a certain building, situate on the east side of West Street, in the town of Chicopee, and being the first building south of the building on the corner of School and West Streets, and occupied in part by the said Ellen Downing as a shop." This description is admitted to be correct; but, in the warrant, there is a variance, and, instead of being described as the first building south of the building " on the corner of Schoo' and West Streets," it is described as " on the corner of South and West Streets." It is agreed that there is no such locality in Chicopee as the corner of South and West Streets, and it is quite obvious that the place was misdescribed in the warrant in that respect. It was a false demonstration The further inquiry

is, whether this is fatal to the warrant. Looking at the entire description, we think, if the words " South Street" be rejected as any part of the boundary, enough will remain to designate the place, as it is there described, as " situate on the east side of West Street, and being the first building south of the building on the corner of West Street, and occupied in part by the said Ellen Downing as a shop." We think, without the aid of the description in the complaint, this would authorize a search for property deposited in a building found to correspond in all respects with all these descriptions. We do not mean to say that some aid might not properly be derived from the complaint connected with the warrant, as in the present case; but the place is sufficiently indicated by the warrant, if all the other calls in the description are answered, excepting that of " South Street," and it is made to appear that that was a false description, there being no such street connecting with West Street.

2. It is insisted that the warrant does not properly describe the liquors that were the alleged object of search and seizure. They are described as " a certain quantity of gin, being about and not exceeding one hundred gallons," and so of other liquors. The inquiry is, whether this general form is sufficient? We are aware of the difficulties attending this subject, and the necessity of a designation of the articles to be searched for and seized. But, as it seems to us, such description of those articles is as specific as the circumstances will ordinarily allow. In the case of lottery tickets, a general description of them as such is deemed sufficient. *Commonwealth* v. *Dana,* 2 Met. 329. In case of a warrant to seize smuggled goods, it is said, in *Sandford* v. *Nichols,* 13 Mass. 289, a more general description of the articles would be allowed. So far as legislative sanction can add to the authority for this general mode of describing the articles to be searched for, it is found in *St.* 1855, *c.* 397, prescribing this form to be used in such cases.

3. It is said that § 25 of *St.* 1855, *c.* 215, requires that " the warrant to be issued shall be supported by the oath or affirmation of the complainant." This provision is fully complied with by the complainant's making oath to the complaint, and nothing

beyond this could have been intended, the issuing of the warrant being solely a matter for the magistrate to perform.

4. It does not invalidate the warrant, in a case like the present, that the officer is not ordered, by the terms of the warrant, to summon the complainants to appear as witnesses at the time and place assigned for a hearing and trial upon such complaint. Such summons may be by a distinct process or in other form proper to secure their attendance. Its omission in the search warrant does not vitiate that. *Exceptions sustained.*