CLEMENT, State Excise Com'r, v. TWO BARRELS OF WHISKY AND DIVERS OTHER LIQUORS.

Appeal of McMANUS.

(Supreme Court, Appellate Division, Fourth Department. January 12, 1910.)

1. INTOXICATING LIQUORS (§§ 6, 15*)—REGULATION—POLICE POWER.

Statutes regulating the sale of intoxicating liquors are within the police power to protect the peace and welfare of the citizens and the public good, and the liquor tax law is in its general scope and purpose not repugnant to the state or federal Constitutions.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 4; Dec. Dig. §§ 6, 15.*]

2. CONSTITUTIONAL LAW (§ 303*)—DUE PROCESS OF LAW—FORFEITURE OF PROPERTY.

Liquor Tax Law (Laws 1896, c. 112) § 31c, added by Laws 1908, c. 350, providing that liquors stored for the purpose of sale in violation of law shall be a nuisance and shall be forfeited when seized, and forfeiture declared in the manner prescribed, does not condemn liquors owned or kept as property, but makes liquors kept for an illegal use liable to forfeiture, and is not repugnant to Const. art. 1, § 6, providing that no person shall be deprived of his property without due process of law, since the Legislature may declare liquors kept for an illegal purpose a nuisance, and since the provision for declaring a forfeiture secures to the owner a judicial investigation and determination.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 303.*]

3. INTOXICATING LIQUORS (§ 249*)—SEARCH WARRANTS—SUFFICIENCY.

A warrant for the search for and seizure of liquors kept for an illegal use, which contains the notice prescribed by Liquor Tax Law (Laws 1896, c. 112) § 31c, added by Laws 1908, c. 350, and which directs a special agent of the State Commissioner of Excise to search the premises described for liquors, as defined by section 2 of the liquor tax law, sufficiently describes the property within the statute and the fourth amendment to the federal Constitution, requiring a particular description of the place to be searched and the things to be seized.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 376–385; Dec. Dig. § 249.*]

4. INTOXICATING LIQUORS (§ 250*)—FORFEITURE OF LIQUORS KEPT FOR ILLEGAL USE—PROCEEDINGS—"CIVIL ACTION."

A proceeding authorized by Liquor Tax Law (Laws 1896, c. 112) § 31c, added by Laws 1908, c. 350, for the forfeiture of liquors kept for an illegal use, is a proceeding in rem against specific property, and is a civil and not a criminal proceeding as defined by Code Civ. Proc. §§ 3335–3337, so that the court may direct a verdict in a proper case.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 250.*

For other definitions, see Words and Phrases, vol. 2, pp. 1183–1193; vol. 8, p. 7603.]

5. APPEAL AND ERROR (§ 1052*)—HARMLESS ERROR—ERRONEOUS RULINGS ON EVIDENCE.

Where the court directed a verdict on uncontradicted evidence ample to sustain it, the error, if any, in admitting incompetent evidence, was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1052.*]

Appeal from Steuben County Court.

Action by Maynard N. Clement, as State Commissioner of Excise of the State of New York, against Two Barrels of Whisky and

Divers Other Liquors, in which James McManus answered. From a judgment directing the forfeiture and destruction of the liquors entered on a directed verdict of a jury, and from an order denying a motion for a new trial, James McManus appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Waldo W. Willard, for appellant.

Royal R. Scott (Russel Headley and William P. Borden, on the brief), for respondent.

ROBSON, J. The proceeding resulting in the above-entitled action was begun under the provisions of section 31c of the liquor tax law (Laws 1896, c. 112), which was added to that law by chapter 350 of the Laws of 1908, and became effective as a part thereof May 19, 1908. On July 29, 1908, the county judge of Steuben county issued a warrant, in form and purpose that provided by said section, directing Leon Bliss, a special agent of the State Commissioner of Excise, to search the premises described in the warrant for "liquors as defined by section two of the liquor tax law." This warrant was issued upon the verified complaint of said special agent, together with the accompanying affidavits of two other citizens of the state, setting forth facts sufficient to establish that there was probable cause for believing that liquors were kept stored and deposited on the premises described in the warrant "for the purpose of unlawful sale or distribution therein within this state." On the same day the officer executed the warrant, made the search of the premises, and found and seized thereon certain liquors, which are now the subject of this action. The warrant contained the notice prescribed by the section in question, and a copy of the warrant was served on McManus, the person keeping said liquors, who was present at the time of the seizure. At the time and place designated in the notice, McManus appeared before the county judge and answered in the proceeding. By his answer he "admits that the liquors mentioned in the return of the special officers and for which the special officer's receipts are given were in his possession on the 29th day of July, 1908, in the town of Lindley, Steuben county, N. Y., and were taken by said special officers." He then interposes a general denial of the allegations of the complaint and alleges that the proceedings were "malicious, unwarranted, improper, and without right or authority in law," and that they are "unconstitutional, and were and are in violation of the Constitution of the United States and of the state of New York." The issue thus framed by the answer, as the statute prescribes, was then to be "deemed an action pending in the court of the judge * * * who issued the warrant * * *" to be "tried in said court as other issues of fact are tried therein." The issues were thereafter tried before the court and a jury at a regular trial term. At the close of plaintiff's evidence, a motion to dismiss the proceedings having been denied, the defense rested without offering any evidence; and the court thereupon on plaintiff's motion directed the verdict for plaintiff, upon which the judgment from which this appeal is taken was entered.

Appellant urges three principal grounds for reversal of the judgment, as follows: That the section of the statute under which these proceedings were brought is in violation of the state Constitution, and for that reason any act or proceeding under that section is illegal, and any judgment obtained thereunder is void; that the proceedings are in the nature of a criminal action, and therefore the court was without power to direct a verdict, and the answering defendant was thereby deprived of a trial by jury, to which he was entitled; and that improper, incompetent, and prejudicial evidence was admitted on the trial over his objection and exception.

Appellant asserts the unconstitutionality of section 31c, relying apparently upon a claim that the proceedings, which it authorizes, are in violation of that part of article 1, section 6, of the state Constitution which declares, in effect, that no person shall be deprived of his property without due process of law. If this section is obnoxious to this provision of the state Constitution, it would seem equally to offend against a similar restriction found in section 1 of the fourteenth amendment to the Constitution of the United States, which declares, among other things:

"Nor shall any state deprive any person of life, liberty, or property without due process of law."

It does not seem to be longer an open question that the enactment of statutes regulating the sale of intoxicating liquors is well within the legitimate powers of legislative action in the exercise of the police power of a state in protecting the peace and welfare of its citizens and the public good. The liquor tax law is, therefore, in its general scope and purpose, not repugnant to, nor forbidden by, the Constitution, either of the state, or of the United States. The section of that law, the constitutionality of which is now questioned, was added as a further means of enforcing and giving practical effect to the law. The constitutionality of similar provisions in the statutes of other states has been considered and upheld, not alone by the highest courts of those states, but by the Supreme Court of the United States. Mugler v. Kansas, 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205; Beer Company v. Massachusetts, 97 U. S. 25, 24 L. Ed. 989.

Paragraph 1 of section 31c declares liquors, which are kept, stored, or deposited in any place in this state after July 1, 1908, for the purpose of sale, or distribution therein, in violation of the provisions of the liquor tax law, and the vessels in which such liquors are contained, to be a nuisance, and are forfeited to the state when seized and forfeiture thereof declared in the manner prescribed by the section. The effect of the act is not, by virtue of the law itself, to declare the annihilation of the right of any one to own, possess, and dispose of any particular property or property of any particular species. It is the use for purposes of violating the statute to which the property is to be put, or for which it is kept, that determines, as the section prescribes, its character as a nuisance. Liquors, notwithstanding the statute, still retain their character as property. The law does not condemn the liquors owned, or kept, by appellant as property; but it is his purpose in keeping them for an illegal and unlawful use that renders his

liquors a nuisance, and therefore liable to forfeiture. This fact sufficiently distinguishes the present statutes from that considered in the case of *Wynehamer v. People*, 13 N. Y. 378. As was said in the case of *Mugler v. Kansas*, 123 U. S. 668, 8 Sup. Ct. 301 (31 L. Ed. 205):

"A prohibition simply upon the use of property for purposes that are declared by valid legislation to be injurious to health, morals, or safety of the community cannot, in any just sense, be deemed a taking or appropriation of property for the public benefit. Such legislation does not disturb the owner in the control or use of his property for lawful purposes, nor restrict his right to dispose of it; but is only a declaration by the state that its use by any one, for certain forbidden purposes, is prejudicial to the public interests. Nor can legislation of that character come within the fourteenth amendment, in any case, unless it is apparent that its real object is not to protect the community, or to promote the general well-being, but, under the guise of police regulation, to deprive the owner of his liberty and property, without due process of law. The power which the states have of prohibiting such use by individuals of their property as will be prejudicial to the health, the morals, or the safety of the public, is not—and, consistently with the existence and safety of organized society, cannot be—burdened with the condition that the state must compensate such individual owners for pecuniary losses they may sustain, by reason of their not being permitted, by a noxious use of their property, to inflict injury upon the community. The exercise of the police power by the destruction of property which is itself a public nuisance, or the prohibition of its use in a particular way, whereby its value becomes depreciated, is very different from taking property for public use, or from depriving a person of his property without due process of law. In the one case, a nuisance only is abated; in the other, unoffending property is taken away from an innocent owner."

Many examples might be instanced where property has been declared by statute to be a nuisance by reason solely of the unlawful use to which it is put, either by its owner, or with his permission. A single example, that of cattle straying at large on a public highway, will suffice. *Campbell v. Evans*, 45 N. Y. 356.

It is not contended, and it could not be held, that the provision made by the statute for enforcing the law and giving the section in question practical effect does not secure to the party, whose property is seized, that judicial investigation and determination to which he is entitled under the Constitution before he can be deprived of his property. Granted that the Legislature has the power to declare liquors, kept for purposes prohibited by the statute, a nuisance, the prescribed proceedings in declaring the forfeiture of the property are ample to protect the owner's rights from illegal invasion. *Clement, as Com'r of Excise, v. May* (Appellate Division, Third Department, Opinion by Sewell, J.) 120 N. Y. Supp. 588.

No question is raised as to the form of the warrant or the sufficiency of the description of the property to be searched for and seized, which the statute requires to be "specified" therein, and the fourth amendment to the Constitution of the United States declares shall be particularly described in the warrant.. We think the description of the property contained in the warrant, which we have referred to above, met both requirements. *State v. Robinson*, 33 Me. 564; *State v. Whisky*, 54 N. H. 164; *Downing v. Porter*, 8 Gray (Mass.) 539.

Whether the court was authorized to direct a verdict depends, as we conceive, upon whether the proceeding is to be regarded as a criminal or a civil one. It seems that the proceeding nearly resembles, in

effect upon the property seized, that for the seizure and sale of animals permitted to run at large. Such a proceeding is one in rem. Compbell v. Evans, 45 N. Y. 356, 359. As already stated, the section under consideration provides that the issue framed by the answer shall be deemed an action pending in the court of the judge or justice who issued the warrant, to be tried in said court as other issues of fact are tried therein. The proceeding on filing the answer culminates in the issue to be tried; but it yet remains one brought, not by the people, but by the State Commissioner of Excise, against specific property, and not against an individual. That the proceeding is civil, and not criminal, in its nature, receives further support from the sections of the Code of Civil Procedure defining civil and criminal actions. Sections 3335, 3336, and 3337. The proceeding being one in rem, and not a criminal proceeding against a person, the issues are to be tried under the rules applied in the trial of civil cases. State v. Barrels of Liquor, 47 N. H. 369. Applying the rules applicable to the trial of issues in civil actions, no question of fact for the determination of the jury remained when the court directed a verdict.

The court having directed a verdict upon uncontradicted evidence, ample to sustain it, the appellant cannot be deemed to have been prejudiced in the determination of any issue presented for decision by the fact that the court admitted other evidence, not necessary to support the verdict, which, it is now urged, was incompetent and prejudicial. No item of the material and confessedly competent evidence, upon which the verdict was presumably directed, having been in any way contradicted, and this evidence not being in its nature inherently improbable, the evidence to which objection was taken may now properly be disregarded, even if incompetent.

Judgment and order affirmed. All concur.