Matter of the Application of HENRY GESCHWINDER for a Warrant to Search for and Seize Liquors Kept, Stored and Deposited for Unlawful Sale or Distribution in Premises Located at Shokan, in the Town of Olive, County of Ulster and State of New York.

(County Court, Ulster County, June, 1910.)

Intoxicating liquors — Seizure and forfeiture of liquors — Sufficiency of complaint.

On a complaint for a search warrant under section 33 of the Liquor Tax Law, from the fact that on the first day of the month the person charged was selling liquors possessed by him in a store in a no license town, it may be inferred that he was keeping liquors for sale at the same place on the twenty-sixth day of the same

County Court, Ulster County, June, 1910.          [Vol. 68.

month; and proof of such fact on the former date establishes prob-
able cause to believe it existed at the latter date.

Where the warrant charges sale and distribution, it is sufficient
to sustain the warrant that the sale should be established.

MOTION to quash a warrant issued under section 33 of the
Liquor Tax Law and to dismiss the proceedings.

William D. Brinnier, for motion.

Milton O. Auchmoody, opposed.

CANTINE, J.   Upon May 27, 1910, there was presented to
me a verified complaint for a search warrant under section
33 of the Liquor Tax Law, charging upon information and
belief " That one George Bovee keeps stored and has de-
posited liquors upon premises known as the store of George
Bovee, situated at Shokan in the town of Olive, Ulster
County, N. Y., for the purpose of unlawful sale and distri-
bution within this State."

The sources of such information and the grounds for such
belief are stated as follows:  " That on the first day of May,
1910, complainant and one Newton Cline visited said prem-
ises and saw purchased, by a person unknown to complainant,
certain liquors, to-wit: One gill of whiskey which was then
and there drank and for which the bartender marked down
the price in a book held by the stranger."

The complainant further saw another person to him un-
known purchase one gill of lager beer and drink same on
premises, after which he handed the person serving the same
a book, which said person marked in and handed back.

The complainant and said Newton Cline entered said
building and asked the bartender for a drink of lager beer.
He refused, saying that " they had no book."

The complainant also states that the sales were made in
what is known as a no license town.   Upon May twenty-
seventh a warrant was issued, reciting that there was prob-
able cause for believing that George Bovee keeps stored and
has deposited liquors upon certain described premises, for

the purpose of unlawful sale and distribution within the State, and commanding any peace officer in the county of Ulster to search the described premises for liquors.

Upon the 10th day of June, 1910, the peace officer to whom the warrant had been delivered returned that he had seized, upon the premises described in the warrant, twenty-seven half barrels of lager beer, four cases of lager beer and seven bottles of lager beer.   At the time of the filing of the return, the owners of the liquors seized appeared specifically and moved to quash the writ and dismiss the proceedings, upon the ground that the facts stated in the complaint were not sufficient to justify the finding of probable cause that liquors were kept for the purpose of illegal sale and distribution.

The allegation as to possession is upon May first, twenty-six days prior to the granting of the warrant.   The condition alleged upon May first may or may not have continued until May twenty-sixth.   The question under the statute is not whether the condition actually existed upon May twenty-sixth, but, rather, was there probable cause to believe it did. In addition to the possession, the complaint shows that, upon May first, certain liquors were sold by a bartender, and the sales were charged in books presented by the persons to whom the liquors were sold.   These additional facts are sufficient to justify the conclusion that a continuing business was done at this place.

This proceeding is to be treated as one *in rem*, and not criminal in its nature.   Clement v. Two Barrels of Whiskey, 136 App. Div. 291.

The presumption of civil law, therefore, that a condition established is presumed to continue may well, within reasonable limitations as to time, be here applied.

The officer's return, showing twenty-seven one-half barrels of lager beer found upon the premises, would not justify the search and seizure, if no facts had been alleged in the complaint; but we cannot close our eyes to the situation found, and it becomes our duty to put the broadest possible construction upon the complaint and to make the language used, if possible, square with the facts found.

Our conclusion is, therefore, that there was reasonable

County Court, Ulster County, June, 1910.        [Vol. 68.

ground to believe, from the facts alleged, that liquors were in the possession of George Bovee upon May twenty-sixth.

The next question is, were the liquors kept for illegal purposes. Possession alone is not illegal. The illegality lies in the intent with which they are kept. This intention runs to the future use, and is determined by the past acts of the owner, the place where the liquors are kept, the manner of keeping, the quantity, etc.

The past acts charged are sales. Upon this motion, that allegation alone is sufficient to establish an illegal intent.

It is also urged that the recitals in the warrant, that liquors are kept for both sale and distribution, are not sustained by the allegations of the complaint. The facts alleged certainly justify the finding that they were kept for illegal sale. They are probably not sufficient to sustain a finding that they were kept for an illegal distribution, placing upon the word " distribution " the narrow construction given it by the Liquor Tax Law.

Were the recitals in the alternative, the warrant would have been clearly bad. The recital as to distribution not being justified by the facts stated may be treated as surplusage; and there remains a finding as to sale which is sufficient to sustain the warrant.

It is needless to say that warrants of this nature should never be issued upon mere suspicion. On the other hand, the facts stated in the moving papers should receive, at the hands of each magistrate, such a reasonable interpretation as will give force and effect to the end sought by this statute.

Motion denied. Answer to be filed on July twelfth.

Motion denied.