### MERKLEY v. CLINE.

(Supreme Court, Appellate Division, Third Department. June 28, 1911.)

1. MALICIOUS PROSECUTION (§ 24*)—PROBABLE CAUSE.

    In an action for malicious prosecution of a felony, it is prima facie· evidence of probable cause for the prosecution that the examining magistrate bound plaintiff over to await the action of the grand jury.

    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 49–55; Dec. Dig. § 24.*]

2. MALICIOUS PROSECUTION (§ 72*)—INSTRUCTIONS—PROBABLE CAUSE.

    In an action for malicious prosecution, that the examining magistrate bound plaintiff over to the grand jury being prima facie evidence of probable·cause, it was error to refuse an instruction that such fact was presumptive evidence of probable cause, for, while presumptive evidence is broader than prima facie evidence, the instruction was substantially correct, ·and defendant was entitled to it.

    [Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 168–173; Dec. Dig. § 72.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Montgomery County.

Action by George L. Merkley against Raymond L. Cline. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

Edward R. Hall, for appellant.

George C. Butler, for respondent.

PER CURIAM. The action is for malicious prosecution. The plaintiff was arrested and taken before a magistrate, and after examination was held to await the action of the grand jury. Aside from the damages suffered by the plaintiff, the principal question litigated was the existence of probable cause for the arrest of the plaintiff.

[1, 2] At the close of the charge, the defendant's counsel asked the learned trial court to instruct the jury "that the fact that the justice held the plaintiff to await the action of the grand jury is presumptive evidence of probable cause." This was refused and an exception taken.

It is expressly held in Schultz v. Greenwood Cemetery, 190 N. Y. 276, 83 N. E. 41, that the holding of a plaintiff in an action for malicious prosecution, by a magistrate, after examination into the facts, to await the action of the grand jury, is prima facie evidence of probable cause for prosecution.

The language of the request was that it was "presumptive evidence" of probable cause. Strictly speaking, "presumptive" evidence has a broader significance than "prima facie" evidence; but as ordinarily used the terms have practically the same meaning. The law gave to the defendant, notwithstanding the plaintiff was obliged to prove want of probable cause, such benefit upon that issue as might flow from the fact that a magistrate after examination had held the plaintiff to await the action of the grand jury. The request to charge being substantially correct in form, we think it was such error to refuse it as requires a reversal of the judgment.

The judgment and order reversed, and new trial granted, with costs to appellant to abide the event.