(153 App. Div. 502.)

FARLEY, State Excise Com'r, v. SIXTEEN BOTTLES OF CHAMPAGNE AND DIVERS OTHER LIQUORS.

(Supreme Court, Appellate Division, Third Department. November 22, 1912.)

1. INTOXICATING LIQUORS (§ 250*)—KEEPING IN HOUSE NOT USED FOR DWELL-ING—PRIMA FACIE EVIDENCE—INSTRUCTION.

Under Liquor Tax Law (Consol. Laws 1909, c. 34) § 33, subd. 4, which provides that the keeping of liquors in any building, not used exclusive-ly for a dwelling, in which the traffic in liquors is prohibited, shall be prima facie evidence that the same were kept in violation of the law, a requested charge that "the presumption is" that liquors kept in a place not exclusively used for a dwelling were kept there for illegal sale was improperly refused, as it is apparent that the word "presump-tion" was used in the sense of "prima facie evidence," and that neither counsel nor court could have been misled by the improper form of the request.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 386–388; Dec. Dig. § 250.*]

2. INTOXICATING LIQUORS (§ 139*)—KEEPING IN HOUSE NOT USED FOR DWELL-ING—LIQUORS LEFT AT THE EXPIRATION OF LICENSE—EFFECT.

Liquor Tax Law (Consol. Laws 1909, c. 34) § 33, subd. 4, which provides that the keeping of liquors in any building, not used exclusively for a dwelling, in which the traffic of liquors is prohibited, shall be prima facie evidence that same were kept in violation of the law, is applicable, whether the liquors were left on hand when the proprietor's license ex-pired, or were procured afterward, or when no certificate has ever ex-isted; the only effect of their having been left over after the expiration of the license being possibly on the probative force of the fact.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 149; Dec. Dig. § 139.*]

3. INTOXICATING LIQUORS (§ 254*)—SEIZURE—PROCEEDINGS TO DETERMINE TITLE—ASSESSMENTS OF COSTS.

Liquor Tax Law (Consol. Laws 1909, c. 34) § 33, subd. 4, provides that, after the warrant of seizure of intoxicating liquors has been ex-ecuted, any person claiming title to the liquors may interpose an an-swer controverting the allegations of the complaint; the issue raised to be tried as other issues of fact. Code Civ. Proc. § 3240, provides that, in special proceedings instituted in a court of record, costs may be award-ed to any party, in the discretion of the court, at the rates allowed for similar services in an action brought in the same court. Liquor Tax Law (Consol. Laws 1909, c. 34) § 27, relating to revocation and cancella-tion of a liquor tax certificate, provides that costs may be awarded against the unsuccessful party in such sums as the court deems proper. *Held*, that the proceeding authorized is civil, rather than criminal, and is a special proceeding, in which costs should be allowed to prevailing party under the provisions of Code Civ. Proc. § 3240, rather than taxed in discretionary sums, as provided by the Liquor Tax Law, as such a rule must have been within the intendment of the Legislature, to deter the interposing of false defenses, as well as the prosecution of un-founded complaints.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 393; Dec. Dig. § 254.*]

Smith, P. J., and Betts, J., dissenting.

Appeal from Trial Term, Delaware County.

Action by William W. Farley, as State Commissioner of Excise, against Sixteen Bottles of Champagne and Divers Other Liquors;

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Peter Bleck answering. From a judgment for defendant, and an order denying a motion for a new trial, plaintiff appeals. Reversed, and a new trial granted.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Charles R. O'Connor, of Hobart, for appellant.
Charles L. Andrus, of Stamford, for respondent.

HOUGHTON, J. The respondent was a licensed hotel keeper, and the town in which his hotel was located voted no license. A year after it became impossible for him to obtain a certificate entitling him to sell liquors, complaint was made, and his hotel was searched, and a quantity of liquors of various kinds was found. He interposed an answer to the seizure proceedings, and a trial before a jury was had, terminating in a verdict in his favor. The defense to the proceeding was that the liquors were those left on hand at the termination of his license and that they were not being kept for sale.

[1] The premises were still being conducted as a hotel, and the plaintiff proved that previous to the seizure hard cider had been sold; but the respondent claimed that was not so, and that only nonintoxicating liquors were sold. In a very clear charge the learned trial court pointed out to the jury that the only question for it to determine was whether the liquors were kept for illegal sale, and stated that the burden of showing that they were so kept rested on the plaintiff. At the conclusion of the charge the plaintiff asked the court to charge the jury that "the presumption is, these liquors having been kept in a place not exclusively used for a dwelling, that they were kept there for illegal sale," which request was refused.

Subdivision 4 of section 33 of the Liquor Tax Law (Consol. Laws 1909, c. 34) provides in part as follows:

"The keeping of liquors in any building not used exclusively for a dwelling, in which the traffic in liquors is prohibited under the provisions of section 13 of this chapter, shall be prima facie evidence that the same were kept in violation of this section."

The request was, not that the keeping of these liquors in the respondent's hotel (a place not exclusively used as a dwelling) furnished "prima facie evidence" that they were kept for illegal sale, but that "the presumption is" they were so kept. Much refinement might be indulged in as to the strict legal difference between a presumption arising from the facts and the making of those facts prima facie evidence upon the issue involved. Whatever the legal difference may be, it is apparent that the word "presumption" was used in the sense of prima facie evidence, and that neither the counsel nor the court was misled by the inappropriate form of the request. This is evidenced by the fact that the court qualified his refusal by saying that he refused to so charge "under the facts of this case," evidently having in mind that the statute did not apply, because the liquors were necessarily left on the respondent's hands when his license expired, and were not procured at a time when he had no right to sell. Quite

similar variance in the use of language in a request to charge was involved in Merkley v. Cline, 145 App. Div. 692, 130 N. Y. Supp. 354, and this court concluded the request was sufficient.

[2] The Legislature has declared, in proceedings of this character, that the keeping of liquors in a place not exclusively used as a dwelling shall be prima facie evidence that they were kept for illegal sale; and we think the rule applies, whether they be left on hand when the liquor tax expires, or are procured afterward, or when no certificate has ever existed. When they are left over after the license to sell expires, the rule may not have so great probative force; but, whatever force it has, the plaintiff is entitled to the benefit of it in sustaining the burden of proof.

[3] The plaintiff raises the further question that respondent was improperly allowed costs on judgment being entered in his favor. While the costs in the present case fall upon our reversal of the judgment, it is proper that we express our views as to the right of the prevailing party to costs in proceedings of this character. Although the issues tendered are to be tried by a jury as in an action, and although the statute declares that for certain purposes it shall be deemed an action, it is not such, strictly speaking. After the warrant of seizure has been executed, the statute provides that any person claiming title to the liquors may interpose an answer controverting the allegations of the complaint, and upon such answer being interposed the issue thus framed is declared to be deemed an action pending in the court of the judge or justice who issued the warrant, between the commissioner of excise of the state and such owner so answering, and the issue is directed to be tried as other issues of fact are tried in such court. Liquor Tax Law, § 33. Such proceeding is civil, and not criminal, and the action is triable like any civil action in which a trial is a matter of right. Clement v. Two Barrels of Whisky, 136 App. Div. 291, 120 N. Y. Supp. 1044.

We are of opinion that, from the interposition of an answer by a person claiming title to the liquors, the matter becomes a special proceeding, in which costs are allowable to the prevailing party, under the provisions of section 3240 of the Code of Civil Procedure. By the provisions of section 27 of the Liquor Tax Law relating to revocation and cancellation of a liquor tax certificate, costs may be awarded against the unsuccessful party in such sums as the court deems proper; but this particular manner of allowing costs has never been followed by the courts, and the proceeding is deemed a special one, in which .costs have been allowed to be taxed as in a special proceeding. Matter of Zinzow, 18 Misc. Rep. 653, 43 N. Y. Supp. 714; Matter of Rasquin, 37 Misc. Rep. 693, 76 N. Y. Supp. 404; Matter of Young, 66 Misc. Rep. 216, 122 N. Y. Supp. 1116. It is true that the statute under consideration is silent with respect to the allowance of costs to either party; but we think by fair intendment that, when the Legislature provided that the proceeding should become an action, upon the interposition of an answer, and that the issue so framed should be tried like any other action, and that it should be entitled to a preference on the calendar, and that judgment therein should be

entered, it intended costs should be allowed to the successful party. Such a rule is a salutary one, and will tend to deter the interposing of false defenses, as well as the prosecution of unfounded complaints.

For the error pointed out, however, the judgment must be reversed, and a new trial granted, with costs of appeal to appellant to abide the event. All concur, except SMITH, P. J., and BETTS, J., who dissent, on the ground that the prima facie case is rebutted by the fact that the goods were lawfully in the possession of Bleck at the time the law took effect, and that he was not authorized either to sell or give the same away.