WILLIAM W. FARLEY, as State Commissioner of Excise, Plaintiff, *v.* Certain Liquors Seized at Premises in the Village of New Paltz, Ulster County, N. Y., Claimed by ANTHONY A. SHAFER, Defendants.

(County Court, Ulster County, February, 1914.)

Liquor Tax Law, § 33 — proceeding for seizure and forfeiture of liquors — prima facie evidence.

The plaintiff to succeed, in a proceeding under section 33 of the Liquor Tax Law for the seizure and forfeiture of liquors which it is alleged there was probable cause to believe were kept for unlawful sale, must establish that the liquors seized

were kept, stored or deposited for the purpose of unlawful distribution.

The payment of a United States retail liquor dealer tax for a place where the trafficking of liquors is unlawful by the laws of the state is *prima facie* evidence that liquors kept, stored or deposited in such place are so kept, stored or deposited for unlawful sale; and the keeping, storing or depositing of liquors in a building not used exclusively for a dwelling, where the business of trafficking in liquors is unlawful under the state law, is also *prima facie* evidence that liquors were kept for a like sale.

The fact that liquors were sold at a hotel on a certain day is presumptive evidence that liquors seized three days thereafter were kept for sale on the date of seizure.

Where upon the hearing of the issues framed by the answer it was not denied that the liquors seized were kept on the premises by defendant for sale pending a final determination by the courts of his right to legally sell in the town, and upon a consideration of the evidence a finding cannot be made that the keeping of the liquors seized was for an unlawful sale, defendant is entitled to judgment for the delivery to him of the liquors seized, with costs.

PROCEEDINGS for seizure and forfeiture of liquors, under section 33 of the Liquor Tax Law.

A. M. Sperry (A. D. Van Buren, of counsel), for plaintiff.

John J. Linson, for certain citizens of the town of New Paltz.

Joseph H. Vanderlyn (A. H. Van Buren, of counsel), for defendants.

JENKINS, J.    Upon the verified complaint of John Everts, a peace officer, showing that there was probable cause to believe that liquors were kept at the hotel of Anthony A. Shafer, in the town of New Paltz,

County Court, Ulster County, February, 1914. [Vol. 84.

within the state of New York, for unlawful sale or distribution, a warrant was issued pursuant to section 33 of the Liquor Tax Law, directed to any peace officer or special agent commanding that the premises described in said warrant be searched for the said liquors specified therein, and that such liquors be seized if found.

On July 8, 1913, William Pringle, a peace officer of Ulster county, made return of his proceedings under such warrant, stating that he had taken from the claimant, Anthony A. Shafer, and from the premises described in said warrant the liquors and vessels enumerated in said return.

The claimant, Anthony A. Shafer, thereafter interposed an answer to the complaint, and the issues framed by the interposition of such answer were tried, by consent, by the court without a jury.

The plaintiff to succeed must establish that the liquors seized were kept, stored or deposited for the purpose of unlawful sale or distribution. The testimony fails to establish such purpose. The place where said liquors were seized was a hotel at the time of its seizure; payment for a retail liquor dealer's special United States internal revenue tax for the place and covering the period within which the liquors were seized had been made; the said liquors were kept in a building not used exclusively for a dwelling, and on July 4, 1913, three days before the granting and execution of the warrant, liquors were sold at the place searched. The payment of a United States retail liquor dealer's tax for a place where the trafficking of liquors is unlawful by the laws of this state is *prima facie* evidence that liquors kept, stored or deposited in such place, are so kept, stored or deposited for unlawful sale. Likewise, keeping, storing or depositing liquors in a building, not used exclusively for a dwell-

ing where the business of trafficking in liquors is unlawful under the laws of this state, is *prima facie* evidence that such liquors are kept, stored or deposited for a like sale. Liquor Tax Law, § 33, subd. 4.

The fact that liquors were sold at the premises on July 4, 1913, is presumptive evidence that the liquors seized at the premises on July 7, 1913, were kept for sale on the date of seizure. *Matter of Geschwinder,* 68 Misc. Rep. 97.

Applying these presumptions of law to the facts of this case, the conclusion is that the liquors found on Shafer's premises on July 7, 1913, were kept there for the purpose of sale.

That the liquors found on the claimant's premises were kept there by him for the purpose of sale in the future is not denied. But he emphatically contends that he did not keep such liquors for the purpose of unlawful sale. He claims that he was holding the liquors pending a final determination, by the courts, of his right to legally sell them in the town of New Paltz, and calls attention to the decision of the courts upon the question of his right to make such sale; to the acts of public officers in accordance with such decision, and to his own conduct in relation to keeping and storing his liquors.

On November 7, 1911, the electors of the town of New Paltz voted on four local option questions. The return of the inspectors of election rejected as void a number of ballots and the election was declared a tie on the question with reference to the sale of liquors by hotel keepers. Such a result meant a decision against issuing a liquor tax certificate for the sale of liquors by hotel keepers for two years from October 12, 1912. Afterward, upon the application of Warren C. Tamney, a writ of mandamus issued out of the Supreme Court directing the inspectors of election to

count certain of the ballots which they returned as void. Such ballots were counted and the result of such count was a majority of two in favor of licensing hotel keepers. An appeal was taken from the order granting the writ of mandamus to the third Appellate Division of the Supreme Court and said order was unanimously affirmed. *Matter of Tamney* v. *Atkins,* 151 App. Div. 309.

An appeal was then taken to the Court of Appeals, and that court decided on June 20, 1913, to reverse the Supreme Court on the ground that the statute invoked for the application for the writ did not permit such writ to be ordered upon the application of said Tamney. *Matter of Tamney* v. *Atkins,* 209 N. Y. 202.

Prior to October 1, 1912, a duly certified statement, issued pursuant to the recount ordered by the Supreme Court, was filed with the county treasurer of the county of Ulster; this statement showed that the electors of the town of New Paltz had voted by a majority of two to allow the business of trafficking in liquors to be carried on by hotel keepers. Accordingly, upon application duly made, the county treasurer of the county of Ulster, on October 1, 1912, issued to the claimant, Anthony A. Shafer, a liquor tax certificate. This certificate was in the form prescribed by law and the payment required therefor was duly made by the claimant Shafer to the county treasurer of Ulster county. It was issued after the Appellate Division of the Supreme Court had unanimously declared that the electors of the town of New Paltz had voted in the affirmative on the proposition of licensing hotel keepers to sell liquors.

The claimant carried on the business of trafficking in liquors under said liquor tax certificate until he became apprised of the decision of the Court of Appeals, above referred to. He points out that on or

about July 5, 1913, he caused liquors kept in the bar or salesroom of his hotel to be removed to the store-rooms thereof, and that he caused such removal for the purpose of storing and holding his liquors until a final determination of the courts as to his right to sell them in the town of New Paltz. The interpretation sought by him to be given his acts and conduct should be adopted by the court. If his purpose is susceptible of two interpretations, one lawful and one unlawful, he is entitled, under the circumstances of this case, to the benefit of the presumption of lawful purpose.

During the pendency of these proceedings the Supreme Court has expressed an opinion, at least, of the legality of the certificate issued October 1, 1912, in an action in which the plaintiff, Farley, is one of the defendants and the claimant here, is plaintiff. It adjudged as follows: " That the liquor tax certificate issued to the plaintiff on October 1, 1912, as stated in the VIII finding of fact was lawfully issued, was a legal and valid certificate, the same was never canceled or revoked and plaintiff had the right to traffic in liquors under and by virtue of the same during the term for which it was issued." Supreme Court decision and judgment filed in Ulster county clerk's office December 31, 1913.

The rights given the plaintiff were what he was contending for, and he claims they explain his purpose of keeping the liquors seized.

Under the law as thus laid down and under the facts of this case it cannot be found that the keeping of the liquors seized was for an unlawful sale. It follows that the claimant is entitled to judgment.

The statute requires the peace officer or agent executing the warrant to safely keep the liquors and vessels seized until final action on the warrant. He is required to give a receipt for the articles seized.

In case the liquors seized are declared forfeited the statute provides that the final judgment must order that they be delivered to the state commissioner of excise by the officer who made the seizure; and, in case judgment is in favor of the claimant of the liquors, it provides that they be delivered to him. Laws of 1913, chap. 614, amdg. Liquor Tax Law, § 33.

The claimant is entitled to costs. *Farley* v. *Sixteen Bottles of Champagne,* 153 App. Div. 502.

Judgment for claimant.