In the Matter of the Application of JOSEPH E. HOLCOMB for a Warrant to Search Premises Known as 9 Delaware Street, Tonawanda, New York.

(County Court, Erie County, December, 1921.)

Intoxicating liquors — search and seizure — state rights — concurrent jurisdiction — state, not federal, decisions controlling — proceeding under section 802-b of the Code of Criminal Procedure in rem not criminal proceeding — proof by fair preponderance of evidence not beyond reasonable doubt — issue should be raised by answer, not by special motion to vacate search warrant — general entrance to building sufficient description for search of whole premises — section 801, Code of Criminal Procedure, not applicable — affidavit — inventory.

The statute authorizing the seizure and forfeiture of liquor kept for unlawful traffic (Code Crim. Pro. § 802-b, added by Laws of 1921, chap. 156) is but a re-enactment, almost verbatim, of section 33 of the old Liquor Tax Law, and was a part of the law of the state long before the Eighteenth Amendment to the Constitution of the United States was seriously contemplated.

Upon the passage of the said amendment the states did not lose any of their police power over the regulation of the liquor traffic, except the right to enact statutes not in accordance with said amendment, and the federal government acquired thereby only concurrent and not exclusive jurisdiction in the enforcement of laws relating to the liquor traffic; where, therefore, a seizure of liquor is made under and by virtue of the authority of the state of New York the trial court is bound by the decision of the appellate courts of this state and the decisions of the federal courts are not controlling.

A proceeding under section 802-b of the Code of Criminal Procedure is to be treated as one *in rem* and not as a criminal proceeding, and the state need only prove its case by a fair preponderance of evidence and not beyond reasonable doubt.

Where by the search warrant issued pursuant to section 802-b of the Code of Criminal Procedure notice was given to all persons claiming any right, title or interest in liquors seized thereunder, in a hotel, or in any vessels containing the same or in the property designed for the sale of such liquor, the only way an issue may be raised on the order to show cause why the properties should not be forfeited to the state of New York is by answer, and an objection to a special motion to vacate and set aside the warrant, made by the corporate owner of the hotel property and its president and general manager, is well taken.

*People* v. *17 Cases of Paul Jones Whiskey,* 116 Misc Rep. 283, followed.

Where, however, the issues raised on the motion would doubtless be raised by answer and have to be tried, it is immaterial as a practical matter whether they are decided upon objections raised by a special appearance or at a trial.

Where all of the street numbers upon the hotel property ran from 7 to 17 inclusive, all of the building being used for hotel purposes, the search warrant, though it referred only to No. 9, the general entrance for patrons, gave a clear right to the officer to search the whole premises.

Section 801 of the Code of Criminal Procedure has nothing to do with the service of a search warrant issued pursuant to section 802-b of said Code, and an objection that the officer in serving the warrant did not comply with the former section is futile.

Where it is admitted that the officer making the search left a complete inventory of the property taken which can be

County Court, Erie County, December, 1921.   [Vol. 117.

identified as the receipt left by him, an objection that the inventory was not signed is untenable.

An objection that the search warrant was granted upon an affidavit and not upon a complaint is not valid where the same information is found in the affidavit, properly sworn to, that would be found in a complaint.

Motion to vacate and set aside the search warrant and for a return of the property seized denied, and, as the objections raised were in the nature of a demurrer, with leave to defendants to file an answer within the time limit stated in the stipulation heretofore entered into.

MOTION to vacate and set aside a search warrant issued pursuant to section 802-b of the Code of Criminal Procedure.

Charles J. Knoell, for R. S. Brown Hotel Company, Inc., and Ralph S. Brown, for motion.

Walter F. Hofheins, assistant district attorney (Guy B. Moore, district attorney), opposed.

NOONAN, J.  For some time previous to May 5, 1921, the R. S. Brown Hotel Company, Inc., owned the hotel situated upon premises known as Nos. 7 to 17, inclusive, Delaware street, Tonawanda, N. Y., and also conducted said property as a hotel, Ralph S. Brown being president and general manager.  On May 4, 1921, Joseph E. Holcomb, then a corporal of the New York state troopers, a peace officer, stationed at the city of Batavia, N. Y., purchased of the bartender of the said hotel company a half pint of intoxicating liquor, for which he paid the sum of two dollars.  On May 5, 1921, said Holcomb applied to this court for a warrant to search premises known as 9 Delaware street in the city of Tonawanda, to wit, being a hotel operated by the Ralph S. Brown Company, Inc., and a warrant in the usual form was issued.  Acting under the authority of this warrant the said Holcomb and other members of the state troopers searched the property of

the Brown Hotel, located as above stated, and seized a large quantity of liquor.

In the search warrant notice was given to all persons claiming any right, title or interest in such liquors or any vessels containing same or in the property designed for the sale of such liquor to appear before the Erie county judge at Buffalo, N. Y., on the 19th day of May, 1921, at ten o'clock A. M., to show cause why such liquors and vessels containing the same and in the property designed for the sale of such liquor should not be forfeited to the state of New York.

Upon the return day the said hotel company and the said Ralph S. Brown appeared specially by attorney and moved to vacate the warrant. The district attorney's office opposed the motion on the ground that the only way an issue could be raised was by answer. In this regard I think the district attorney was correct (*People* v. *17 Cases of Paul Jones Whiskey*, 116 Misc. Rep. 283), and this court sustained the district attorney in his objections, and an order was made denying to the said hotel company and to said Ralph S. Brown the right to appear specially herein. From this order the said hotel company and the said Brown thereafter appealed to the Appellate Division, fourth department, but before anything had been done upon the appeal, a stipulation was entered into by the attorney for the hotel company and Brown and the district attorney, vacating said order and discontinuing the appeal, and they further stipulated that the objections and motions made upon the special appearance should be argued upon the merits before this court.

I am still of the opinion that the correct practice was to force the defendant to file an answer in order to raise the issues that he wished to have tried out, but as the issues raised on the motion would undoubt-

edly be raised by answer and would have to be tried at some time, it is immaterial, as a practical matter, whether they are decided upon objections raised by special appearance or at the trial of the issues raised in the answer.

The statutory authority for seizure and forfeiture of liquor kept for unlawful traffic is found in section 802-b of the Code of Criminal Procedure, to which it was added by chapter 156 of the Laws of 1921. However, it is not a new law. It is a re-enactment, almost verbatim, of section 33 of the old Liquor Tax Law. It was part of the law of the state long before the Eighteenth Amendment to the Federal Constitution was seriously thought of.

In his very thorough brief upon the questions raised on the special appearance the attorney for the defendant lays great stress upon numerous federal authorities cited. To my mind these authorities are not controlling. The right to control the liquor traffic always came within the police power of the state and was never within the general police power of the federal government, until it acquired concurrent power with the states with the passage of the Eighteenth Amendment. Upon the passage of this amendment the states did not lose any of their police power over the regulation of the liquor traffic, except the right to pass statutes that are not in accord with the said amendment to the Federal Constitution, and the federal government acquired only concurrent and not exclusive jurisdiction in the enforcement of the laws relating to the liquor traffic. I think the trial courts of this state are still bound by the decisions of the appellate courts of this state in all cases where seizure of liquor is made under laws passed by the authority of the state of New York. *People* v. *Adams,* 176 N. Y. 351; *People* v. *McDonald,* 177 App. Div. 806.

A proceeding under section 802-b is to be treated as a proceeding *in rem* and not as a criminal proceeding. *Clement* v. *Two Barrels of Whiskey, etc.*, 136 App. Div. 291; *Matter of Geschwinder*, 68 Misc. Rep. 97. If the evidence is uncontradicted the court may direct a verdict in favor of the complainant. *Clement* v. *Two Barrels of Whiskey, etc., supra.*

I think from the above authorities we must consider the case as civil in nature, and that it serves the same purpose in enabling the state to try the title to the property, which has been declared a nuisance by statute, and thus effect its forfeiture, as a replevin action affords means to try title to property between individuals.

In this action the state has to prove its case by a fair preponderance of the evidence and not beyond reasonable doubt. It is similar to other statutes that are passed in derogation of common-law rights and should be construed with reasonable strictness.

With the above observations in mind, we proceed to a discussion of the objections raised by the defendant on the special appearance.

The first point raised is that the warrant was granted upon an affidavit and not upon a complaint. I do not think this objection is valid. The same information is found in the affidavit that would be found in the complaint, and it is properly sworn to. It serves its purpose as a pleading just as well in one form as in the other.

The next point is that the affidavit does not state facts. In the affidavit Corporal Holcomb swears " he purchased half a pint of liquor for the sum of two dollars. Said intoxicating liquor was received by said deponent from above unknown person and was taken from beneath the bar of above premises by aforesaid person. Deponent verily believes intoxi-

cating liquors are stored, kept, deposited and possessed in and upon said premises in violation of Section 1212 of the Penal Law of the State of New York.'' He also swears that the R. S. Brown Hotel Company, Inc., is the owner of the premises, and gives as the source of such information the assessment roll for taxing properties for the year 1921 in the assessors' office. The fact that the officer could buy liquor there was sufficient proof that it was kept for unlawful purposes. Incidently it might be mentioned that indictments founded upon said purchase by the officer were found against the man making the sale and the hotel company, or Brown as its manager, and pleas of guilty were entered upon indictments, and substantial fines imposed in each case.

The next point raised is that the warrant is too sweeping in its effect, in that it referred only to No. 9 Delaware street, while the officer searched the whole premises occupied by the R. S. Brown Hotel Company. I do not think this objection is sound. The street numbers upon the property in question run from 7 to 17 inclusive. I take it that No. 9 was the general entrance where the patrons of the hotel usually enter. All of the building was used for hotel purposes, and I think the warrant clearly gave right to the officer to search the whole premises.

The next point raised is that the affidavit is not sufficient because it does not state the name of the person keeping, storing or depositing the liquor for which search was made. In that respect the affidavit states the person was John Doe, whose name is not known to deponent, and that the R. S. Brown Hotel Company, Inc., was the owner of the premises. I think this is sufficient.

The next point raised is that the officer in serving the warrant did not comply with some provision of

section 801 of the Code of Criminal Procedure. I do not think that this section has anything to do with the service of the warrant under section 802-b. I think rather that it refers to the service of the warrant provided for under section 792 of the Code of Criminal Procedure. The search warrants are entirely different in character. That one issued under section 792 of the Code of Criminal Procedure is general in its application and criminal in character (*People ex rel. Simpson Co.* v. *Kempner,* 208 N. Y. 16), while section 802-b is civil in character, as above stated, and is passed for one specific purpose. It contains within itself a nearly complete system of practice for effecting the purpose for which it was designed, and I think the only sections of the Code of Criminal Procedure which in any way have a bearing upon section 802-b are those that follow it in title 2.

The next point raised is that the officer making the search took the property but did not give a receipt for the property taken. It is admitted that the officers making the search left a complete inventory of the property taken, but that it was not signed. It would have been better practice on the part of the officers to have signed it, but as long as it can be identified as the receipt left by the officers making the search its purpose of protecting the rights of the owners of the property seized by giving them a list of the property taken is effected, and the objection raised to the receipt because it was not signed is not tenable.

After a careful consideration of the whole case, I do not feel that any of the substantial rights of the parties interested have been violated. There was ample reason for believing that the law was being violated upon the premises, as shown by the fact that the officer purchased intoxicating liquor easily with-

out any questions being asked.   The search was made under a warrant duly issued, and in an orderly manner, and an inventory of the property taken by the officers was left upon the premises with the proper person.

If my conclusions are right, it follows that the motion to vacate the warrant and for the return of the property seized must be denied, and an order may be entered accordingly.

As the objections raised were in the nature of a demurrer, as it existed under our former civil practice, the defendants should be allowed ten days to file an answer raising the issues they wish to have determined upon the trial of the action, and, as provided in the stipulation heretofore entered into, the answer should be filed within ten days after service of the order upon the attorney for the defendants.

Motion denied.