John Courtney, as Sheriff of the County of Kings, and Edward F. Rice, Respondents, *v.* The Eighth Ward Bank of Brooklyn, Appellant.

1. Attachment — Levy — Certified Copy of Warrant. To effect a compliance with the provision of the statute (Code Civ. Pro. § 649, subd. 3), that property incapable of manual delivery may be attached "by leaving a certified copy of the warrant, and a notice showing the property attached, with the person holding the same," the paper left as a copy of the warrant must be duly certified by the sheriff having the custody of the original warrant, over his signature, to be a copy of the original warrant.

2. Non-compliance with Statute. Leaving a paper, purporting to be a copy of a warrant of attachment and indorsed "copy," and having indorsed upon another fold a notice, signed by the sheriff, that certain property "is hereby attached by virtue of the inclosed warrant," does not satisfy the statutory requirement of a certified copy of the warrant.

*Courtney* v. *Eighth Ward Bank*, 14 Misc. Rep. 386, reversed.

(Argued December 15, 1897; decided January 11, 1898.)

Appeal from an order of the General Term of the City Court of Brooklyn, entered November 27, 1895, reversing a judgment dismissing the complaint, entered upon the report of a referee and ordering a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Tunis G. Bergen* for appellant. The statute giving the provisional remedy of attachment is in derogation of a common-law right and must be strictly construed. (*Penoyar* v.

*Kelsey*, 150 N. Y. 77; Code Civ. Pro. §§ 635, 649; Drake on Attachment, § 83; *Eston* v. *Hanna*, 75 Mich. 222.) The statute requires that a certified copy of the warrant be served. (Code Civ. Pro. § 649; *Aitkens* v. *Kinnan*, 20 Wend. 250; *Greenvault* v. *F., etc., Bank*, 2 Doug. 502; *Buckley* v. *Lowry*, 2 Mich. 420; *Roelofson* v. *Hatch*, 3 Mich. 277; *Millar* v. *Babcock*, 29 Mich. 526; *Abrams* v. *Abram*, 38 Mich. 302; *Fairbanks* v. *Bennet*, 52 Mich. 61; *Anthony* v. *Wood*, 96 N. Y. 180.) The paper served on the defendant was not a certified copy. (Code Civ. Pro. §§ 932–962; 1 Greenl. on Ev. § 507; Stephen's Digest of Evid. 79; *Wilson* v. *Walker*, 3 Stew. [Ala.] 211.) It is not a question whether the defendant bank had sufficient evidence to determine whether the paper served was a copy of a warrant. It was for the sheriff to comply with each and every requisite of the statute in order to bring this property incapable of manual delivery in *custodia legis*. (*Hayden* v. *National Bank*, 130 N. Y. 150.)

*Henry B. Closson* for respondents. Any semblance of merit in the defendant's appeal depends upon its assumption that it is entitled to insist as against the plaintiffs, not upon a reasonable, but upon a strict and literal compliance by the sheriff with the provisions of the Attachment Act. The assumption is wholly erroneous. (*Penoyar* v. *Kelsey*, 150 N. Y. 77; *Warner* v. *F. Nat. Bank*, 115 N. Y. 251; *Hayden* v. *Nat. Bank*, 130 N. Y. 146; *O'Brien* v. *M. & T. F. Ins. Co.*, 56 N. Y. 52; *Thompson* v. *Eastburn*, 16 N. J. L. 100; *Saunders* v. *C. L. Ins. Co.*, 43 Miss. 583; *Bowes* v. *Shand*, 5 H. L. Cas. 395; Benj. on Sales, § 894.) But whether the section in question is to be construed strictly or liberally is immaterial, for the copy of the warrant served was duly " certified " by the sheriff, under any possible construction that can be given to that word. (*Gibson* v. *N. P. Bank*, 98 N. Y. 87.) A requirement in a statute regulating the mode of proceeding by a public officer, a strict compliance with which appears to the court unessential, is always held directory merely; *a fortiori*, one which it plainly appears the legisla-

ture itself considered immaterial. (Sedg. Stat. & Const. Law, 368; *Cunningham* v. *Cassidy*, 17 N. Y. 276.)

HAIGHT, J. This action was brought to recover the amount that the Cowles Engineering Company of New Jersey had on deposit with the defendant.

On the 25th day of August, 1893, an attachment was issued in an action brought by Edward F. Rice against the Cowles Engineering Company, which was delivered to the sheriff of Kings county with instructions to levy upon the balance owing that company by the defendant. On the 26th day of August the sheriff, or his deputy, went to the defendant's bank and delivered to the teller a paper purporting to be a copy of the warrant of attachment. It was folded in the usual form and had indorsed upon the back the title of the action, and underneath the title the words "Warrant of Attachment," then followed the name of the plaintiff's attorney, with his address, and after that the words "A Copy." Upon the reverse fold of the paper was indorsed the following: "To the Eighth Ward Bank. You are hereby notified that the deposit of the Cowles Engineering Company in your bank and the indebtedness owing it by your bank is hereby attached by virtue of the inclosed warrant. Dated August 26, '93. (Signed) John Courtney, sheriff, Wm. J. Cunningham, deputy." On the 12th day of September the cashier of the defendant certified that on the 26th day of August it was indebted to the Cowles Engineering Company in the sum of $1,485.46. October 6th the attachment became merged in an execution issued upon the judgment, and on that day the sheriff demanded the payment to him by the bank of the money attached. This was refused, and thereupon this action was brought. The referee dismissed the plaintiffs' complaint, holding that the attachment was not properly levied. The General Term reversed the judgment upon questions of law and ordered a new trial.

The Code of Civil Procedure, section 649, subdivision three, provides that property incapable of manual delivery

may be attached " by leaving a certified copy of the warrant, and a notice showing the property attached, with the person holding the same."

In the case of *Penoyar* v. *Kelsey* (150 N. Y. 77), this court was called upon to construe section 636 of the Code, and it was then held that owing to the harsh nature of the remedy by attachment given by this section it should be construed in accordance with the general rule applicable to statutes in derogation of the common law, strictly in favor of those against whom it may be applied. This section had reference to the cases in which warrants of attachments were issued and not to the levy made under them. But in the case of *Hayden* v. *National Bank of the State of New York* (130 N. Y. 146) the provisions of section 649 were considered, and it was then held that in order to constitute a valid service there should be a substantial compliance with the provisions of the statute. Upon examination of the provisions of the Code it will be observed that the manner of service is carefully designated ; a certified copy of the warrant must be delivered to the person holding the property sought to be levied upon. The original warrant of attachment must be delivered to the sheriff. Having it in his possession he is the officer upon whom devolves the duty of certifying as to the correctness of the copy. The delivery of the certified copy of the warrant must be accompanied with a notice showing the property attached. Neither of these requirements can be dispensed with and have a substantial compliance with the statute. The person upon whom the warrant is served is entitled to have a copy of the original warrant duly certified by the officer having the custody of the original paper, so that he may have official information as to the contents of the original, upon which he may rely and use as a shield against the claims of his creditor, whose property in his hands is sought to be attached.

We have carefully considered the facts presented and reluctantly have reached the conclusion that they do not constitute a valid levy of the attachment. It is true that upon the back of the attachment there is indorsed the words " A

copy," but these words standing alone prove nothing. Had the sheriff complied with the demands of the statute the defendant would have had a paper authenticated by the signature of a public officer, who, under the statute, was authorized to certify that the paper was a copy of an original warrant in his hands. The notice indorsed upon another fold of the paper does not aid the plaintiffs. It notifies the defendant that the deposit of the Cowles Engineering Company is attached "by virtue of the within warrant of attachment." The within paper does not purport to be an original warrant of attachment. The most that is claimed for it, or that it purports to be, is that it is a copy, and there is nothing in this notice from which we can draw the conclusion that it is a true copy, or is in any manner certified or authenticated.

The order of the General Term should be reversed and the judgment entered upon the report of the referee affirmed, with costs in all the courts.

All concur.

Order reversed, etc.