---

(62 Misc. Rep. 27.)

### CLEMENT v. RABBACH.

(Supreme Court, Trial Term, New York County. January, 1909.)

CONSTITUTIONAL LAW (§ 319*)—DUE PROCESS OF LAW.

Liquor Tax Law, § 31c, added by Laws 1908, p. 1041, c. 350, § 13, provides that liquor which is unlawfully kept for sale may be seized by a warrant, together with the vessels in which the liquors are contained. *Held*, that the provision, when the possessor of the liquor does not own the vessels which contain the liquor, is unconstitutional, as a taking of private property without due process of law.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. § 319.*]

Action by one Clement against one Rabbach for the seizure and forfeiture of certain liquors. Judgment of forfeiture of the liquors seized.

H. H. Kellogg, for plaintiff.
M. Meyer, for defendant.

BRADY, J. By chapter 350, p. 1041, Laws of 1908, the liquor tax law was amended by adding thereto an additional section, designated section 31c, as follows, viz.:

"Sec. 31c. Search for seizure and forfeiture of liquors kept for unlawful traffic.

"Subdivision 1. Liquors kept in any place in this state after July 1, 1908, for the purpose of sale or distribution therein, in violation of the provisions of this act, and the vessels in which such liquors are contained, are declared to be a nuisance and are forfeited to the state when seized, and such forfeiture declared in the manner provided in this section.

"Subdivision 2. Upon the verified complaint of a special agent or a peace officer or other citizen setting forth facts which establish that liquors are kept, stored or deposited in any place in this state for the purpose of unlawful sale

or distribution therein any justice of the Supreme Court in the judicial district where such liquors are kept shall issue his warrant to any special officer commanding him forthwith to search the premises described in said warrant for the liquors specified therein and to seize such liquors if found and to safely keep such liquors until final action thereon as in this section provided, and to make immediate return thereon to the justice issuing the same. The complaint shall state the name of the person so keeping such liquors and the name of the owner of the premises where such liquors are so kept, if known to the complainant, together with a description of such premises sufficient to identify the same. The warrant shall contain a notice directed generally to all persons claiming any right, title or interest in such liquors to appear before the justice issuing such warrant at a time and place therein specified not more than twenty days after the issuance of said warrant and not less than ten days after the execution thereof and show cause why such liquors should not be forfeited to the state. A copy of such warrant shall be delivered to the person so keeping such liquors, if he be present at the time of such seizure, and another copy of such warrant shall be posted in a conspicuous place upon said premises. * * * At the time and place specified in the notice contained in such warrant any person claiming any right, title or interest in the liquors seized under such warrant may interpose a verified answer controverting the allegations of the complaint. * * * If it be established upon the hearing before the justice that the liquors so seized were kept for the purpose of unlawful sale or distribution within this state judgment of forfeiture of said liquors to the state shall be entered, which judgment shall provide for the public destruction of such liquors and the vessels in which the same were contained."

In the case at bar, upon a complaint verified by a special agent, a warrant was issued by a justice of the Supreme Court, and certain liquors found in the possession of the defendant were seized thereunder, including a quantity of beer contained in bottles. The bottles containing this beer are claimed to be owned by one Maas, who is engaged and duly licensed in the business of bottling beer and selling it thus bottled to customers. According to a custom of the trade the beer only is sold, but the proprietary interest of the bottler in the bottles which have his name or mark blown thereon is not parted with or sold, but is expressly retained and protected by the provisions of chapter 933, p. 996, Laws of 1896.

The constitutionality of the amendment is attacked, so far as destruction of bottles thus owned is directed to be made, upon the ground that it is violative of article 1, § 6, of the Constitution of the state of New York, which provides that no person shall be deprived of life, liberty, or property, without due process of law, and of article 14, § 1, of the Constitution of the United States, which provides that no state shall deprive any person of life, liberty or property without due process of law. The facts are that the liquors seized were kept by and taken from the possession of the defendant, and were so kept in violation of the provisions of the liquor tax law, and that the bottles which contained beer were the property of and owned by Maas, who had sold the beer thus bottled to the defendant.

While it is beyond dispute that a state Legislature may, without violating the constitutional provisions above referred to, pass laws absolutely prohibiting the manufacture or sale of intoxicating liquors for use as a beverage within its jurisdiction, and providing for the confiscation, forfeiture, and destruction of appliances, machinery, and property used in such manufacture and sale, yet it always appears that

the principle upon which such power is conceded to the Legislature by the courts is that the Legislature has the right to determine that the use of intoxicating liquor is inimical to the health, welfare, and morals of the citizens of its state, and that, having so determined, it may prescribe all necessary and proper means to prevent its use without regard to alleged rights or interests of individuals. The Legislature of our own state, however, has not absolutely prohibited the sale of intoxicating liquors, but has sought to regulate such sale, possibly in the interest of the morals and safety of the community, but decidedly as a source of income.

It is so well known that reference to adjudicated cases is unnecessary that private property may be summarily destroyed in the public interest without compensation to the owner, as in the case of infected milk, cattle, or provisions, or to prevent the spread of contagious diseases or the spread of a conflagration; and it has been held (Lawton v. Steele, 119 N. Y. 226, 23 N. E. 878, 7 L. R. A. 134, 16 Am. St. Rep. 813) that fish nets of a certain kind prohibited by act of the Legislature may be summarily destroyed by the proper officer when seized as directed by such act. But in all such cases it is evident that the destruction of the property has appropriate and direct and necessary connection with the main purpose of the law, to wit, the conservation of the rights, welfare, health, or morals of the community, and that a failure to destroy such property would practically render such laws nugatory. The keeping for the purposes of sale of milk of a lower grade or quality than that provided by law is a crime and provision is made for the punishment of the offender, and the milk may be summarily destroyed; but no provision of law exists directing or permitting the destruction of the milk cans which contain the proscribed fluid, either by summary act or after a judicial forfeiture, for the very same reason as is claimed on behalf of the beer bottler, namely, that the vessel is owned by a person other than the offending milk seller.

While, within the reasonable exercise of its police power, the Legislature may provide for the confiscation, forfeiture, and destruction of liquors kept for the purpose of sale or distribution contrary to the liquor tax law, and may, perhaps, have the right to provide for a destruction of the vessels containing such liquors when owned or claimed by the guilty possessor, I cannot concede the right to order the destruction of such vessels when owned or claimed by another, without any manner of notice to such owner or opportunity to be heard. A citizen engaged in the beer-bottling business and duly licensed may sell his bottled wares in bulk to a purchaser who is a duly licensed dealer in liquors, and such purchaser may in turn sell the same to a second purchaser, and the process of sale may continue ad libitum, and the title of the bottler to the bottles and his right to repossess the same when emptied of their original contents continues unimpaired; but if, after a series of sales from one licensed dealer to another, the bottles are found in the possession of an unlicensed dealer for the purpose of sale or distribution, or if they are so found after having been emptied of their original contents and refilled in fraud of the bottler's rights, or even after having been stolen from him, a judgment of forfeiture of

the liquor alone is entered, this section provides that they shall be destroyed, and without notice of seizure, actual or constructive, or opportunity to appear and defend his rights. I fail to see that the destruction of bottles in such a case has appropriate, or direct, or in any manner necessary or reasonable, connection with the main purpose of the law; and in so far as said section directs such destruction without regard to the ownership of the vessels it is not a fair and reasonable exercise of the police power, and is in conflict with the constitutional provisions above referred to.

The plaintiff is entitled to a judgment of forfeiture of all the liquors seized under the warrant herein and for the public destruction of such liquors and of the vessels in which the same were contained, except the bottles claimed by said Maas.

