Matter of the Application of WALTER G. INGALLS for a Warrant to Search for and Seize Liquors Kept, Stored and Deposited for Unlawful Sale or Distribution in Premises Located on Main Street, in the Village of Argusville, Schoharie County, N. Y. (Conducted as a Hotel by One ELLERY O'BRIEN).

(County Court, Schoharie County, August, 1912.)

Liquor Tax Law, § 33 — warrant to search for and seize liquors, etc.—service of warrant — dismissal of complaint — evidence.

Where, in a proceeding under section 33 of the Liquor Tax Law, the return or affidavit of service of a warrant to search for and seize liquors kept, stored and deposited for unlawful sale or distribution in premises conducted as a hotel, does not show that a copy of the warrant, containing a notice to all persons claiming any right, title or interest in the liquors or in the vessels containing the same, was posted in a conspicuous place upon the premises searched, the service of the warrant is illegal and will be vacated.

Where the complaint upon which said warrant was issued was made and verified July 15, 1912, by a special agent of the commissioner of excise, and alleged among the sources of complainant's information and belief that liquors were kept on the premises for unlawful sale, that lager beer was sold there on June 14, 1912, presumptively the condition alleged on that date continued to the date of the verification of the complaint, but, as by the receipt of the officer it appeared that liquors had been taken from the premises since that time, the complaint could not be used as a foundation for the issuance of another warrant as the condition on June 14, 1912, could not be presumed to continue indefinitely and after the seizure, in the absence of proof to the contrary, and the complaint, therefore, should be dismissed and the liquors returned.

SPECIAL PROCEEDING under section 33, Liquor Tax Law.

Martin E. Rigney, for state commissioner of excise.

BEEKMAN, J. A verified complaint in the above-entitled proceeding made by a special agent of the state commissioner

of excise of the state of New York, under section 33 of the Liquor Tax Law, was presented to me on the 15th day of July, 1912, and a warrant was on that day issued, containing the recitals and notice required by said section, and returnable before me on the 30th day of July, 1912. At that time and place Martin E. Rigney appeared as attorney for the commissioner of excise, in support of the complaint and warrant, and no appearance was made by any other person. A person who, as I understood, was the said Ellery O'Brien, was present at the above time and place with an attorney, N. J. Herrick, who asked the privilege of examining the return attached to the warrant, and who did examine the return and then stated that he did not regard the return of service of the warrant as according to the statute, and that he did not desire to have an appearance, special or otherwise, entered in the proceeding in behalf of Mr. O'Brien or any other person. He was asked whether he desired to file any answer and he stated he did not desire to do so, and stated that in his opinion the warrant had not been legally served and that it involved the question of jurisdiction. The warrant returned before me at the above time and place had attached thereto the complaint and receipt and an affidavit executed by Walter G. Ingalls, alleging the manner in which the warrant had been executed and served. The officer's return or affidavit of service recited that he delivered a copy of the warrant, notice and receipt and of the complaint to Ellery O'Brien, being the person keeping said liquors, but said affidavit did not show or recite that he had posted a copy of the warrant in a conspicuous place upon the premises, as required by section 33 of the Liquor Tax Law.

The officer's receipt was in the following form:

" I, Walter G. Ingalls, a special agent of the State Commissioner of Excise of the Village of Fultonville, N. Y., do hereby certify and return that I have taken under the within warrant of search and seizure issued by County Judge of Schoharie County of the County Court from Hotel, Main Str. in the said Town of Carlisle of . . . . . . . . . where the

property hereinafter described was found, from Ellery O'Brien the following described property, to wit:

" 228 Bottles of Lager Beer.

" 1 2 gal. Jug of Whiskey, partly full.

" Dated at ARGUSVILLE, N. Y., the 17th day of *July,* 1912.
                                " WALTER G. INGALLS,
                                        " *Special Agent.*"

These proceedings are under a very recent statute; the exact mode of procedure is meagerly outlined in section 33 and the decisions thereunder are few.

The statute provides as follows: " The warrant shall contain a notice directed generally to all persons claiming any right, title or interest in such liquors, or in the vessels containing the same, to appear before the judge or justice issuing such warrant, at a place and at a time therein specified, * * *, and show cause why such liquors and the vessels containing the same should not be forfeited to the state." As to the manner of execution of the warrant the statute says: "A copy of such warrant shall be delivered to the person so keeping such liquors, if he be present at the time of such seizure, and if he be not present, then to the person, if any, apparently in possession of such liquors or of the premises wherein the same are found, and another copy of such warrant shall be posted in a conspicuous place upon said premises." The statute further provides that " the special agent or peace officer seizing the liquors under the warrant, shall give a receipt therefor, to the person so keeping such liquor, if present, and if he be not present, then to the person, if any, apparently in possession of such liquor, or in charge of such premises, or in the absence of any such person, he must leave such receipt in the place where the liquors are found." Then follows the provision: "At the time and place specified in the notice contained in such warrant, any person claiming any right, title or interest in the liquors seized under such warrant, or in the vessels containing the same, may interpose an answer controverting the allegations of the complaint, upon which such warrant was issued."

The return or affidavit of service of the warrant does not

show that a copy of the warrant containing a notice to all persons claiming any right, title or interest in the liquors, or in the vessels containing same, was posted in a conspicuous place upon the premises searched. It seems to me that statute plainly requires that in addition to the service of a copy of the warrant upon the person keeping the liquors, or upon the person apparently in possession of the liquors or of the premises, a copy shall be posted in a conspicuous place. The clause " and *another copy* of such warrant shall be posted in a conspicuous place etc." is a requirement in addition to the provision as to the personal service. The words " another copy " plainly indicate that two copies are to be used in executing the warrant, one copy to be served upon the person keeping the liquors, or apparently in possession, and the other copy to be posted. The reason for the requirement of posting is to give a notice to persons other than the particular person who may be keeping, or apparently in charge of, the liquors. Not only the person to whom the copy of the warrant is delivered but *all persons* claiming any right, title or interest in the liquors and vessels are required to show cause why the liquors and vessels should not be forfeited. The person keeping, or in possession of, the liquors or premises may not be the only person who has an interest in the goods seized and especially the vessels containing the same. The goods may have been stored by the owner for a perfectly lawful purpose and not for the purpose of unlawful sale and distribution, but the person in charge, without the owner's consent or knowledge, may be selling the same, and if a copy is delivered only to the one person he may put it in his pocket, show it to no one and tell no one of it; in that event other persons who may have any right, title or interest in the goods or containers would have no knowledge whatever of any time or place at which they may appear and show cause why the liquor should not be confiscated. Liquors might be stored in the cellar of a dwelling and without any intention of selling the same, and the owner's janitor may in the night-time, without the owner's consent, surreptitiously sell small quantities of the same for his own private gain and upon detection might be served with a warrant at

the time of a seizure, in the owner's temporary absence, and then abscond, taking with him the warrant and notice, in which event, unless a warrant containing a notice to show cause is posted on the premises, there will be nothing to tell the owner where he may show cause why his goods should not be taken. The affidavit of service of warrant is made upon a printed form containing the words: " and that I posted a copy of said complaint, warrant, notice and receipt in a conspicuous place upon said premises," showing that whoever prepared the printed form used by the complainant considered posting necessary, but in this case the words last quoted are erased by having a pen drawn through them, with black ink on the same, partially obscuring the letters, as is usual where erasure is made in such manner. If the copy of the warrant containing the notice is posted conspicuously on the premises it will be calculated to give notice to all persons who may have any interest in the goods. That is the object of the statute. Several persons may have right, title or interest in the goods and containers, and it was the intention of the legislature to provide means by which it would be reasonably probable that all parties interested might receive a notice, and, it not being possible to serve personal notice upon all of them, it is provided that one copy shall be served upon the one party in charge, and that the remaining parties should receive constructive notice by posting upon the premises where persons having any business there may read the warrant and notice. It was not claimed on the part of the commissioner that notice had been posted in a conspicuous place, but it was claimed that posting was not necessary in case a copy of the warrant was served upon the person keeping the liquors. This is a statutory proceeding and its requirements should be strictly complied with where property is to be destroyed. Jurisdiction to render judgment of forfeiture could only be acquired where the service of a warrant was made according to the exact terms of the statute.

In Matter of Huff, 136 App. Div. 297, the party claiming an interest in the liquors filed no answer before the magistrate, but contended that the complaint being upon informa-

County Court, Schoharie County, August, 1912. [Vol. 77.

tion and belief without showing the source of such information, or any fact from which personal knowledge by the complainant could be inferred, was insufficient to confer jurisdiction and authorize the issuance of a warrant for search and seizure. The party interested in the liquors asked for an order vacating the complaint and warrant and the magistrate denied the motion. The party interested in the liquors appealed. The court said: " Sufficient cause why the seizure and projected forfeiture were unauthorized, appeared on the face of the papers themselves. The attention of the magistrate was duly called to that fact. Appellant was then entitled to the order he asked for, vacating and setting aside the complaint and warrant, and directing the officer who made the seizure to restore the property seized to the possession from which it had been taken. Denial of the appellant's motion denied him the substantial right to immediate possession of the property and immunity from further vexation in an unauthorized proceeding."

In this case, on the face of the papers or otherwise, there is no proof of the posting of the warrant in a conspicuous place upon the premises. Where the property is to be taken it seems to me that none of the safeguards provided by law should be disregarded. For aught the magistrate may know, one or more parties other than Ellery O'Brien may have some interest, right or title in the goods and containers, and unless they are notified constructively by the posting of the notice, as section 33 provides, it seems to me that the magistrate has no jurisdiction to order the property forfeited to the state.

The complaint herein is verified on July 15, 1912, and alleges, among the sources of complainant's information and belief, that liquors were kept on the premises for unlawful sale, that lager beer was sold thereon on the 14th day of June, 1912; and while the condition alleged upon June 14, 1912, might have been presumed to continue to July 15, 1912, the date of the verification of the complaint and the issue of the warrant, however, as the receipt of the officer shows that the liquors have been taken from the premises since the verification of the complaint, the same complaint

could not in my opinion be used as a foundation for the issue of another warrant thereon, as the condition of June 14, 1912, could not be presumed to continue indefinitely and after the seizure without the presentation of other facts showing the keeping of liquors for unlawful purposes subsequently, and the complaint should, therefore, be dismissed along with the vacating of the warrant, and it should be ordered and adjudged that the complaint be dismissed, the warrant vacated and the liquors seized returned to the place from which and to the person from whom they were taken.

Ordered accordingly.