WILLIAM W. FARLEY, State Commissioner of Excise, Plaintiff, *v*. LIQUORS SEIZED IN CAR AT BROWN STATION, TOWN OF OLIVE, ULSTER COUNTY, N. Y., Defendant.

THE GEORGE HAUCK & SONS BREWING COMPANY answering, as owners of the vessels in which the liquor was contained.

(County Court, Ulster County, March, 1913.)

Liquor Tax Law, § 33, as amended in 1910 — liquors stored or kept for unlawful sale forfeited— liquors seized under a warrant.

The provision of section 33 of the Liquor Tax Law, as amended in 1910, declaring liquors stored or kept for unlawful .sale forfeited, as well as the vessels containing the same, and providing for the destruction of such vessels regardless of ownership, is constitutional, where such liquors have been seized under a warrant which, as provided by said section, contains a notice directed generally to all persons claiming any right, title or interest in such liquors, or in the vessels containing the same; and the owner of said vessels, though innocent of any wrongful act, is without redress in an action to fix the status of the property seized.

ACTION brought under section 33 of the Liquor Tax Law.

A. M. Sperry and Alfred D. Van Buren, for plaintiff.

Van Etten & Cook, for defendant.

JENKINS, J.    By the Laws of 1908, chapter 350, the Liquor Tax Law was amended by adding thereto an additional section designated section 31c as follows, viz.:

" § 31c. Search for seizure and forfeiture of liquors kept for unlawful traffic.

" Subdivision 1. Liquors kept, stored or deposited in any place in this state after July first, nineteen hundred and eight, for the purpose of sale or distribution therein in violation of provisions of this act, and the vessels in which such liquors are contained, are declared to be a nuisance, and are forfeited to the state when seized, and such forfeiture declared in the manner provided in this section.

" Subd. 2. Upon the verified complaint of a special agent, or of a peace officer or any citizen, setting forth facts which establish that liquors are kept, stored or deposited in any place in this state for the purpose of unlawful sale or distribution therein  *  *  *  any county judge  *  *  *  or justice of the supreme court in the judicial district where such liquors are so kept, shall issue his warrant  *  *  *  to any special officer  *  *  * commanding him forthwith to search the premises described in said warrant for the liquors specified therein and to seize such liquors, if found, and to safely keep such liquors until final action thereon, as in this section provided, and to make immediate return thereon to the judge or justice issuing the same.    The complaint shall state the name of the person so keeping  *  *  *  such liquors  *  *  *  and the name of the owner of the premises where such liquors are so kept, if known to the complainant, together with a description of such premises

3

sufficient to identify the same. The warrant shall contain a notice directed generally to all persons claiming any right, title or interest *in such liquors* to appear before the judge or justice issuing such warrant, at a time and place therein specified, not more than twenty days after the issuance of said warrant and not less than ten days after the execution thereof, and show cause why such liquors should not be forfeited to the state. * * * A copy of such warrant shall be delivered to the person so keeping such liquors, if he be present at the time of such seizure, and another copy of such warrant shall be posted in a conspicuous place upon said premises. * * * At the time and place specified in the notice contained in such warrant, any person claiming any right, title or interest *in the liquors* seized under such warrant may interpose a verified answer controverting the allegations of the complaint. * * * If it be established upon the hearing before said judge or justice that the liquors so seized were kept for the purpose of unlawful sale or distribution within this state, judgment of forfeiture of said liquors to the state shall be entered, which judgment shall provide for the public destruction of such liquors and the vessels in which the same were contained.''

In January, 1909, a decision was handed down at a Trial Term of New York county holding that where vessels containing the intoxicating liquors belong to a person other than the owner of the intoxicating liquors seized, the court had no power to order such vessels destroyed upon the ground that section 31c of the Liquor Tax Law made no provision by which the owner of such vessels could be heard and defend his property. And that said act, in so far as it provided for the destruction of the vessels containing the offending intoxicating liquors, was in violation of article I, section 6, of the Constitution of the state of New York, which

provides that no person shall be deprived of life, liberty or property without due process of law and of article XIV, section 1, of the Constitution of the United States, which provides that no state shall deprive any person of life, liberty or property without due process of law. Clement v. Liquors Seized, etc., 62 Misc. Rep. 27.

After this decision the legislature of the state of New York substituted section 33 of the Liquor Tax Law for section 31c (Laws of 1910, chap. 485) which amended section provides that a notice shall be given to the owner of the vessels containing the offending intoxicating liquors. Section 33 directs as follows, viz.: " The warrant shall contain a notice directed generally to all persons claiming any right, title or interest in such liquors or in the vessels containing the same, to appear before the judge or justice issuing such warrant, at a place and at a time therein specified, not more than twenty days after the issuance of said warrant and not less than ten days after the execution thereof, and show cause why such liquors and the vessels containing the same should not be forfeited to the state. * * * " Also, that " at the time and place specified in the notice contained in such warrant, any person claiming any right, title or interest in the liquors seized under such warrant or in the vessels containing the same may interpose an answer, controverting the allegations of the complaint upon which such warrant was issued. If such answer is interposed, the issue thus framed shall be deemed an action pending in the court of the judge or justice who issued the warrant, between the commissioner of excise of the state of New York and the liquor so seized, and may be entitled in the name of the said state commissioner of excise and against the liquors so seized, adding for identification the name of the person or persons interposing such answer and claiming or defending the

liquors so seized, and shall be tried in said court as other issues of fact are tried therein."

It will be noticed that after Judge Brady in his opinion in Clement, etc., v. Liquor Seized, etc., *supra,* called attention to the defect in section 31c of the Liquor Tax Law as it stood at the time of his decision, the legislature directed that notice should be given to the owner of the vessels to be destroyed and such owner should have an opportunity to appear and defend his property.

On the 29th day of January, 1913, Gardiner C. Hibbard, a special agent of the state commissioner of excise of the state of New York, made an application to the Ulster county judge under section 33 of the Liquor Tax Law for a warrant directing such special agent to search the freight house, box or freight car, etc., of the Ulster and Delaware Railroad Company at Brown Station to seize liquors together with the vessels containing the same, which in said application or complaint were alleged to be stored or kept for unlawful sales. Upon this complaint a warrant was issued. The return thereto was made by the said Gardiner C. Hibbard, the said special agent of the state commissioner of excise, stating that he had seized 178 quarter kegs of lager beer and 92 cases, etc. It was alleged in the moving papers that James E. Snead kept, stored or deposited the liquors above mentioned. The said proceedings were duly brought on for a hearing at the Ulster County Court Chambers, Kingston, N. Y., on March 10, 1913, at which time A. M. Sperry and Alfred D. Van Buren appeared for the plaintiff and Van Etten & Cook for George Hauck & Sons Brewing Company which filed an answer alleging that the vessels containing the offending liquors seized as aforesaid belonged to it. James E. Snead, the alleged owner of the intoxicating liquors did not appear. The following was

stipulated between the attorneys for the plaintiff and the attorney for George Hauck & Sons Brewing Company to be the facts of the case: " It is stipulated, that on the 28th day of January, 1913, the George Hauck Brewing Company is and was a domestic corporation having its principal office at the City of Kingston, N. Y., and is engaged in the manufacture and sale of lager beer and is duly licensed for such business by the United States Government and the State of New York. That on the 28th day of January, 1913, said corporation sold and delivered to one James E. Snead 200 quarter barrels of beer and 60 cases of bottled beer, and that said beer was lager beer. That said sale was made f. o. b. cars Kingston, N. Y., and was consigned to said James E. Snead at Brown Station, town of Olive, Ulster County, New York, over the Ulster & Delaware Railroad, car initial A. R. T. Co., car No. 8909. That for at least a year past, similar sales and shipments of from one to two cars per week had been made to said James E. Snead, by said Company; that said James E. Snead paid the freight on said shipments from Kingston, N. Y., to Brown Station, N. Y. That the said Company is the owner of the packages consisting of 200 kegs or quarter barrels, and 92 cases, containing 24 bottles each; each case containing two and a half gallons, which packages contained the lager beer consigned to the said James E. Snead as aforesaid, and were seized in this proceeding.

" That said James E. Snead had agreed with this company, to return said packages containing said lager beer, to it, the said company. That the said James E. Snead had a contract with said company to buy at least a certain number of kegs of beer during the year, which the company agreed to sell to him and that he, the said James E. Snead, would sell no other beer than the beer manufactured by the said Company, in the Ashokan

Reservoir vicinity and that said contract is still in force.

" That the Ashokan Reservoir is located within the towns of Olive and Hurley, Ulster County, N. Y., and that the vicinity of the Ashokan Reservoir includes the northwesterly portion of the town of Marbletown in the said County of Ulster, where part of the work of the aqueduct is carried on. That the shipment which was seized in this proceeding was made pursuant to said contract between said James E. Snead and said Company, and was made from Kingston, N. Y., to Brown Station, in said town of Olive, and the delivery by said company to said James E. Snead was, f. o. b. cars Kingston, N. Y. That the said town of Olive is a no license town by a vote of the inhabitants of said town at the annual election. That the towns of Hurley and Marbletown, heretofore mentioned, are license towns. That the beer shipped to the said James E. Snead by said company, previous to the said shipment which was seized, was consumed in the said towns of Olive, Hurley and Marbletown; that one-quarter barrel of beer contains approximately seven and three-quarters gallons and that a case of beer contains less than five gallons of beer."

The testimony shows the sale of one case of lager beer containing twenty-four bottles taken from the cars at Brown Station, N. Y.

The language of section 33 of the Liquor Tax Law is quite plain as to the destruction of the offending intoxicating liquors and the vessels containing the same, regardless of ownership, and, unless said act is unconstitutional under the facts disclosed in this case, it seems to me judgment of forfeiture of the lager beer seized and the vessels containing the same should be granted.

It appears by the stipulation that George Hauck &

Sons Brewing Company is innocent of any wrongful act; that it had a right to sell the beer in question and retain title to the vessels containing the same. The sale was made in the city of Kingston f. o. b. in entire good faith. It is contended that it is a harsh law which makes necessary the forfeiture of the vessels belonging to George Hauck & Sons Brewing Company; but that is an argument to be addressed to the legislature and not to the court. We must take the law as we find it. It will be noticed this action is not against George Hauck & Sons Brewing Company, but it is an action *in rem* to fix the status of the property seized. State v. Intoxicating Liquors (Vt. 1909), 73 Atl. Rep. 586.

It will also be noticed that after the decision of Clement v. Liquors Seized, *supra,* the legislature of the state of New York passed section 33 above referred to amending the defect in section 31c of the Liquor Tax Law, by providing that notice be given to the owner of the vessels containing the liquors, and giving such owner an opportunity to be heard, thus removing the objection of the former act, and, therefore, not violating the Constitution of the United States or of the state of New York, providing that no person shall be deprived of property without due process of law. The legislature has declared that intoxicating liquors and the vessels containing the same, when stored, etc., for unlawful sale or distribution, are liable to be forfeited and destroyed. The law making power of the state passed upon the constitutionality of this act before it became a law. Trial courts should hesitate to pronounce a statute unconstitutional. Clement v. Four Barrels of Beer, etc., 66 Misc. Rep. 1.

The conclusion of the court is that the plaintiff is entitled to judgment as provided by section 33 of the Liquor Tax Law.

Judgment for plaintiff.