In the Matter of the SEARCH FOR AND SEIZURE OF LIQUORS AT No. 26 WEST THIRD STREET, MOUNT VERNON, N. Y.
CHARLES H. DEXTER, Complainant, Appellant; GENNARO RUSSO, Claimant, Respondent.

Second Department, October 17, 1919.

Liquor Tax Law — provision for seizure of liquors strictly construed — failure to deliver copy of warrant to person in possession.

The Liquor Tax Law, authorizing search for, seizure and forfeiture of liquors kept for unlawful traffic, provides for a proceeding *in rem* and must be strictly followed.

Hence, where a paper purporting to be a copy of a warrant for search and seizure was posted, as required by subdivision 2 of section 33 of the Liquor Tax Law, but did not have any date or signature and was not delivered to the person apparently in possession as required by said statute, the proceeding should be dismissed and the liquors returned.

APPEAL by Charles H. Dexter from an order and judgment of Hon. J. H. CAVANAUGH, acting city judge of Mount Vernon, entered in the office of the clerk of the City Court of Mount Vernon on the 7th day of June, 1919, dismissing this proceeding, setting aside the warrant for search and seizure herein and the service thereof, and directing the return of the liquors by reason of the alleged defective service of the warrant which was issued under section 33 of the Liquor Tax Law (as amd. by Laws of 1913, chap. 614, and Laws of 1916, chap. 417).

On May 20, 1919, Mr. Dexter, as special agent of the State Commissioner of Excise, complained or deposed that one Ferdinand Russo " keeps, stores and has deposited " liquors at the above place for the purpose of unlawful sale and distribution. He set out the sources of his information. On that day Judge APPELL, judge of the City Court of Mount Vernon, issued a search warrant for these liquors, returnable before him at the City Court of Mount Vernon, June 2, 1919, at nine-thirty A. M. The search was had, and a quantity of wine and vermouth was seized and deposited by the liquor tax officials in the Yonkers Storage Warehouse.

The act requires respecting service: " A copy of such warrant shall be delivered to the person so keeping such liquors, if he

be present at the time of such seizure, and if he be not present, then to the person, if any, apparently in possession of such liquors or of the premises wherein the same are found, and another copy of such warrant shall be posted in a conspicuous place upon said premises."   (§ 33, subd. 2.)

This last requirement of *posting* a copy of the warrant was complied with.   But the duty that a copy be delivered to the person apparently in possession was not complied with.   The paper purporting to be a copy of the warrant did not have any date or signature, the blanks over the printed line " Judge of the City Court, Mount Vernon, N. Y.," being left unfilled. The date of *teste* stood as " the ———— day of May, 1919."

Gennaro Russo appeared specially on the return day at the City Court of Mount Vernon.   Judge Appell was not there, but Acting Judge Cavanaugh sat in his stead.   Objection was first made to proceeding before another judge than the one who had issued the warrant, which was overruled.   Russo moved to dismiss, because a copy of the warrant had not been served, as required.   After taking the matter under advisement Judge Cavanaugh on June 7, 1919, dismissed the proceedings and directed that the liquors be returned to Russo.   On August fifth the complainant appealed to this court.

*William R. Dorman* [*H. D. Sanders* with him on the brief], for the appellant.

*Jeremiah D. Toomey*, for the respondent.

Putnam, J.:

The Liquor Tax Law provides for a proceeding *in rem.* Such proceedings leading to a forfeiture are to be strictly followed.   No doubt the Legislature might provide simply for posting the notice on the premises with publication in a newspaper, as in the earlier statutes for registration of land titles.   (*Tyler* v. *Court of Registration*, 175 Mass. 71.)   Here there was to be personal service by " delivery " of a copy to the persons having possession of the seized goods, as a condition for a real dispossession of the articles taken.

Instead of such compliance, Russo received an imperfect paper, calling on all persons claiming any right, title or interest

in the seized liquors to appear before *me, the undersigned,* at City Court of Mount Vernon on June second.   There was no *undersigned,* and no date stated.   In *Matter of Ingalls* (77 Misc. Rep. 447) there was a *personal* service, but no posting. The court (BEEKMAN, County Judge) held the service illegal, and vacated the warrant, saying (p. 452): " Where the property is to be taken it seems to me that none of the safe-guards provided by law should be disregarded."

The counsel for the prosecution has cited certain decisions from the courts of Massachusetts, where the requirement is the service of a " notice " to appear, quite different from enforcing delivery of a copy of the writ or warrant.

In case of attachment of property, incapable of manual delivery, the Code of Civil Procedure (§ 649, subd. 3) requires that the copy of the warrant left with the garnishee shall be certified.   It is held that the attachment fails, even if a true copy is thus left, unless the sheriff certifies that it is a copy. (*Courtney* v. *Eighth Ward Bank,* 154 N. Y. 688.)

The search for liquors is not confined to saloons.   After July 1, 1908, they may be the subject of seizure " in any place in this State."   Suppose they are in a large warehouse or place of public storage.   The person in apparent possession of the premises might be a man at the entrance gate.   The posting is to be " in a conspicuous place upon said premises."   That may be in any hallway of the warehouse.   The only safe rule is to follow the statute and have a compliance with both statutory safeguards.

Since this was not done, and the seizure was illegal, I see no course but to do what the judge did here — order the property restored.   Appellant, however, argues that it was improper to award possession of the liquors and vessels to any party, without a hearing.

The statute provides for a trial.   If the complaint be dismissed on a finding that the liquors were not for unlawful sale or distribution the judge is empowered to have the liquors and vessels " returned to the place from which or to the person from whom they were taken."   The determination here that the proceedings failed by non-compliance with the statute entitled the respondent to the same restitution, and did not sanction a retention of the goods illegally taken.   Such was

the judgment also in *Matter of Ingalls* (77 Misc. Rep. 447, 453).

Therefore, I advise to affirm, with ten dollars costs and disbursements.

JENKS, P. J., MILLS, BLACKMAR and KELLY, JJ., concurred.

Order of the acting city judge of Mount Vernon affirmed, with ten dollars costs and disbursements.