THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM WICKA, Defendant.

(County Court, Erie County, December, 1921.)

Criminal procedure — search warrant — indictment — police power —intoxicating liquors — failure to post copy of warrant upon premises immaterial as to defendant who was personally served — evidence — motion to dismiss indictment denied.

The use of a search warrant to prevent and detect crime is a valid exercise of the police power of the state.

Section 802-b of the Code of Criminal Procedure, added by chapter 156 of the Laws of 1921, is almost a verbatim re-enactment of section 33 of the Liquor Tax Law (Laws of 1909, chap. 39) and no exact or complete rule governs the service of a warrant issued pursuant thereto.

There being no direction in section 802-b of the Code of Criminal Procedure as to when the posting of a copy of a

search warrant issued thereunder shall be done, an orderly procedure would be the service of the warrant upon the owner or person in charge, the search for and seizure of the liquors, if any are found, making an inventory thereof, giving a receipt for the property and posting a copy of the warrant.

As the posting of a copy of the warrant is to give constructive notice to anyone having an interest in the liquor seized or its container who was not present when the seizure was made, the exact time of posting is immaterial provided it is done before the officer leaves the premises searched.

Upon and for the purposes of a motion by defendant to vacate and set aside a search warrant issued pursuant to section 802-b of the Code of Criminal Procedure and to dismiss an indictment against him for having unlawfully in his possession cider containing more than one-half of one per cent of alcohol by volume, it was conceded that the information upon which the warrant was issued was sufficient, that the warrant was regular upon its face and that a copy thereof was duly served upon defendant but that no copy of the warrant was posted upon the premises as required by section 802-b of the Code of Criminal Procedure. *Held,* that defendant had no cause for complaint because of the failure to post the copy of the warrant upon the premises, and his motion to dismiss the indictment will be denied and the liquor seized or so much thereof as is needed for use as evidence may be retained by the proper officials until the trial under the indictment is finally ended, at which time the liquor seized, except such as was properly used for evidence, will be returned to defendant.

MOTION to set aside a search warrant and to dismiss indictment.

Walter F. Hofheins, assistant district attorney (Guy B. Moore, district attorney), for People.

George B. Doyle, for defendant.

NOONAN, J. The defendant has been indicted for violating section 1212, subdivision 2, of the Penal Law, unlawfully possessing cider containing more than one-

half of one per cent of alcohol by volume. The sole evidence to sustain the indictment was procured as follows: On July 21, 1921, a search warrant was issued by me under the provisions of section 802-b of the Code of Criminal Procedure. For the purpose of this motion it is conceded that the information for the warrant was sufficient; that the warrant was regular on its face; that a copy was duly served upon the defendant when the search was made on July 22, 1921, but that no copy of the warrant was posted upon the premises as required by this section. The counsel for defendant contends that the failure to post a copy of the warrant upon the premises was jurisdictional, and renders the whole proceeding void *ab initio;* that the evidence so obtained is illegal and consequently the indictment founded thereon is a nullity. The counsel for the people urges that as the proceedings under the search warrant were apparently regular up to the failure to post a copy of it on the premises the evidence secured before that time was properly obtained and is sufficient to sustain the indictment.

Section 802-b was added to the Code of Criminal Procedure by chapter 156 of the Laws of 1921. It is a re-enactment, almost verbatim, of section 33 of the Liquor Tax Law (Laws of 1909, chap. 39). No exact or complete rule governing the service of the warrant is provided. The only direction is: "A copy of such warrant shall be delivered to the person so keeping such liquor, if he be present at the time of such seizure, and if he be not present, then to the person, if any, apparently in possession of such liquor or of the premises wherein the same are found, and *another* copy of such warrant shall be posted in a conspicuous place upon said premises." There are no directions as to *when* the posting must be done. An orderly procedure would be the service of the warrant upon the

owner or person in charge; the search for, and the seizure of the liquors, if any are found, making an inventory, giving a receipt for the property and posting a copy of the warrant.

As the posting of a copy of the warrant is to give constructive notice of the seizure to anyone not present when the seizure was made and having any interest in the liquor seized or its container (*Matter of Ingalls,* 77 Misc. Rep. 447; *Matter of Liquors,* 189 App. Div. 109), the exact time of posting is not material provided it is done before the officer leaves the premises searched.

The defendant also urges that his rights under the Fourth and Fifth Amendments to the United States Constitution and under section 8 of the Civil Rights Law of this state have been violated, but the cases cited do not support his claim. In all of them there was either no search warrant, or the property seized was not covered by the warrant. And further, the Fourth Amendment, prohibiting illegal seizures, does not apply to the states. Its full function is to limit the powers of the general government. *People* v. *Adams,* 176 N. Y. 351; *People* v. *McDonald,* 177 App. Div. 808, citing *Fox* v. *State of Ohio,* 5 How. (U. S.) 410; *Twining* v. *New Jersey,* 211 U. S. 78. The claim of the defendant that his rights under the Fifth Amendment and under section 8 of the Civil Rights Law have been violated is not valid. He has been indicted by a duly constituted grand jury, and the search warrant, for the purposes of this decision, is regular and duly issued upon probable cause.

The vital question seems to be whether or not the liquors seized under a valid search warrant, duly issued upon probable cause, can be used as evidence to sustain an indictment, and then again in court upon the trial, when the proceedings, under the search

warrant, for the seizure and forfeiture of the liquors, fails because of the neglect of the officers to properly perform some ministerial act. I think the liquor can be used, and for several reasons.

" The court, when engaged in trying a criminal cause, will not take notice of the manner in which witnesses have possessed themselves of papers *or other articles of personal property,* which are material and properly offered in evidence." *People* v. *Adams,* 176 N. Y. 351, 358. This is a very carefully considered case. Many authorities are cited to support this unanimous ruling of the Court of Appeals, and the case is followed in *People* v. *McDonald,* 177 App. Div. 806, which is another carefully considered case backed by a unanimous court.

Counsel for defendant urges that certain decisions of the federal courts, which he has cited, are controlling. With this position I am unable to agree. Before the passage of the Eighteenth Amendment, the state alone had control of the liquor traffic within its boundaries, under its police power. It did not surrender any of its control under the amendment, except the power to pass legislation hostile to it. The federal government acquired concurrent and not exclusive jurisdiction. This change imposes no obligation upon trial judges in this state to be bound by the federal court decisions. Such decisions apply only to seizures made under federal authority. *People* v. *McDonald,* 177 App. Div. 808, and cases there cited; *People* v. *Adams,* 176 N. Y. 351. In this case the seizure was made by officers who derived their authority from the laws of the state of New York. It is the courts of the state of New York which authoritatively construe the laws of this state. The decision of the Court of Appeals is the law of this court. *People* v. *McDonald, supra.* If any of the rights of the defend-

ant have been violated the remedy is to punish the wrong and not change the law of evidence. *People* v. *McDonald, supra.* I have not been able to find any subsequent decisions that weaken the authority of *People* v. *Adams,* and *People* v. *McDonald, supra.*

In deciding the vital question before us, we may properly consider to what extent a search warrant may be used in detecting and preventing crime. Generally its use to prevent and detect crime is a valid exercise of the police power of the state. 24 R. C. L. 716; *Clement* v. *May,* 136 App. Div. 199; *Clement* v. *Two Barrels, etc.,* 136 id. 291; *Farley* v. *Liquors Seized,* 80 Misc. Rep. 32; *People ex rel. Simpson Co.* v. *Kempner,* 208 N. Y. 16.

The procedure for preventing and detecting crime (Code Crim. Pro. § 792) differs in some material ways from the procedure for search for seizure and forfeiture of intoxicating liquors kept for unlawful traffic. Code Crim. Pro. § 802-b. The first is general in its application, criminal rather than civil in character, and the title to the property seized cannot be determined in the proceeding but must be decided in a civil action (*People ex rel. Simpson Co.* v. *Kempner,* 208 N. Y. 16) and it does not require service of a copy of the warrant upon anyone, while the second is limited solely to the search for, seizure and forfeiture of intoxicating liquor kept for unlawful purposes; it is a proceeding *in rem,* civil rather than criminal (*Clement* v. *Two Barrels, etc.,* 136 App. Div. 291; *Matter of Geschwinder,* 68 Misc. Rep. 97), and, if the evidence is uncontradicted, the court may direct a verdict in favor of the complainant. *Clement* v. *Two Barrels, etc., supra.* The section provides its own practice. The warrant gives notice of the time and place where the interested parties may show cause why the liquor seized should not be forfeited.

24

A copy of the warrant must be delivered to the person keeping such liquor, if present, and if not present, then to the person, if any, apparently in possession of such liquor or of the premises where the liquor is found, and another copy must be posted in a conspicuous place upon the premises.  Upon the return day the interested parties assert their rights, if any, by *answer*.  *People* v. *17 Cases, etc.,* 116 Misc. Rep. 283.  The information and warrant serve as the complaint for the people, and the issues raised by the answer are tried as a *civil* cause.  In short nearly the whole procedure for forfeiture of liquor is found in this section.  Under its provisions the title to property forfeited because it is a nuisance is tried and determined the same as a disputed title to any property is tried in a replevin action between individuals.

Since the posting of the copy of the warrant upon the premises is to give constructive notice to any one having an interest in the property seized but who was not present when the seizure was made (*Matter of Ingalls,* 77 Misc. Rep. 447; *Matter of Liquors,* 189 App. Div. 109) the posting serves no useful purpose when the actual owner was present when the search was made, or who has received a copy from the person in charge and upon whom it had been served.  The posting is provided as an added protection to those who *might* have some right in the property seized, so that he may protect his interest in a property right, hence my conclusion is that any liquor, seized under a valid search warrant duly issued upon proper information may be used in evidence against the owner or possessor thereof *unless* there was such a failure in the service of the warrant as would effect a substantial right of the defendant.  To hold otherwise would be sacrificing substance to form.  In the case at bar no substantial right of the defendant was

effected, as is evidenced by the fact that he is appearing in a court where the real question of whether or not the liquor was possessed for unlawful purpose may be properly determined. The fact that the state has deemed it expedient not to declare a forfeiture without giving constructive notice of the time and place of the hearing to anyone who *might* have an interest in the property seized, is no reason why the liquor taken from its owner should not be used as evidence against him provided, as in this case, he, or the person in charge, has received a copy of the warrant.

If I am right in my conclusions, it follows that the motion to dismiss the indictment must be denied; that the proper officials may retain the liquor seized, or so much thereof as is necessary, for evidence, until the action under the indictment is finally ended, at which time the liquor seized, except such as was properly used for evidence, shall be returned to defendant, and an order may be entered accordingly.

Ordered accordingly.