THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER DIAMOND, Defendant, Impleaded with EMANUEL RITSOS, Appellant.

First Department, January 13, 1922.

Intoxicating liquors — title of proceeding to declare forfeiture of intoxicating liquors seized on premises without warrant — same notice to be delivered as when seizure made on warrant — Code of Criminal Procedure, § 802-b, construed and applied — forfeiture statute must be strictly complied with — fact that Federal permit was not filed until after seizure cannot be raised by People on appeal.

The title of a proceeding to forfeit intoxicating liquors which have been seized without a warrant on the ground that they were being kept illegally should be in the name of the State and against the liquors so seized, adding, for identification, the name of the person or persons interposing an answer and claiming or defending the liquors.

Where intoxicating liquors are seized by a police officer without a warrant, under subdivision 6 of section 802-b of the Code of Criminal Procedure, on the ground that they are being kept in violation of article 113 of the

Penal Law, the proceedings where seizure is made with a warrant should be followed, and, therefore, it is incumbent upon the officer at the time of making the seizure without a warrant to deliver a copy of the notice prescribed by subdivision 2 of section 802-b of the Code of Criminal Procedure, applicable to seizures with a warrant, to the person keeping such liquor, if he be present at the time of the seizure, and if he be not present, then to the person, if any, apparently in possession of such liquor or of the premises where the same is found, and another copy of such notice must be posted in a conspicuous place upon the premises, and the officer must give immediate notice to the district attorney of the time and place of the return of the notice as required by subdivision 7 of said section 802-b.

Accordingly, where liquor was seized without a warrant and no notice was given as required by subdivision 2 of section 802-b of the Code of Criminal Procedure of a hearing until nearly a month after an order to show cause why the liquor should not be returned to the owner by the property clerk of the police department of the city of New York, and nearly three months after the seizure was made, the seizure was illegal and the liquor must be returned to the owner.

The strictest compliance with the statute is required to declare a forfeiture, and if all the statutory safeguards are not complied with, the owner is entitled to have the goods illegally taken returned.

The fact that the Federal permit authorizing the owner of the liquor to keep the same was not filed in the office of the county clerk until after the seizure was made, cannot be raised as a defense to this proceeding for the first time on appeal; the time and place to have presented that fact would have been within not more than twenty days after the seizure was made and before the court where the return was made.

APPEAL by Emanuel Ritsos from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of September, 1921, denying defendant's motion to compel the property clerk of the police department of New York city to return to him forty-six barrels of wine.

*Meyer Kraushaar* of counsel [*Emanuel Celler* with him on the brief], for the appellant.

*Edward Swann, District Attorney* [*Robert S. Johnstone* of counsel; *Peter L. F. Sabbatino* with him on the brief], for the respondent.

PAGE, J.:

On June 23, 1921, a police officer entered the premises of Emanuel Ritsos, and without a warrant made a search and seized forty-four barrels filled with wine and two partly filled.

The forty-six barrels were placed in the custody of the property clerk of the police department of the city of New York, and there remain. Peter Diamond, who was in charge of the premises during Ritsos' absence, was arrested charged with a violation of the Penal Law, article 113, as added by chapter 155 of the Laws of 1921, commonly known as the State Prohibition Law. The charge against Diamond was dismissed on August 11, 1921, by a city magistrate, on the ground that it appeared that Emanuel Ritsos was lawfully in possession of the wine under a permit issued by the Federal authorities. On August 12, 1921, Ritsos obtained an order to show cause why the property clerk of the police department should not be required to restore the wine so seized. On September sixth, while the motion was pending, a notice signed by a justice of the Supreme Court, was served on Ritsos, directing all persons to show cause on September 26, 1921, why the wine so seized should not be forfeited to the State. The two motions were apparently heard together, for the justice at Special Term denied Ritsos' motion on the ground that he had mistaken his remedy; that he should file an answer and try out the issue as to his right to possession of the goods at Special Term for the trial of such issues.

The papers are irregularly entitled in the criminal action, which was disposed of in the Magistrate's Court. This is a new civil proceeding brought in the Supreme Court, and should have been entitled as provided in section 802-b, subdivision 2, of the Code of Criminal Procedure. No point of this is made by the district attorney, who is desirous of having an interpretation of the statute.

Section 802-b, added to the Code of Criminal Procedure by chapter 156 of the Laws of 1921, provides (Subd. 1) that intoxicating liquors kept, stored or deposited in any place in this State in violation of the provisions of article 113 of the Penal Law, and the vessels in which such liquor is contained are declared to be a nuisance, and are forfeited to the State when seized by a peace officer of the State, and such forfeiture declared, in the manner provided in that section. Subdivision 2 deals with the seizure of liquors upon a warrant. So far as material to the consideration of this case, it provides: " The warrant shall contain a notice directed generally

to all persons claiming any right, title or interest in such liquor or in the vessels containing the same   *   *   *   to appear before the judge or justice issuing such warrant, at a place and at a time therein specified, not more than twenty days after the issuance of said warrant and not less than ten days after the execution thereof, and show cause why such liquor and the vessels containing the same should not be forfeited   *   *   *. A copy of such warrant shall be delivered to the person so keeping such liquor, if he be present at the time of such seizure, and if he be not present, then to the person, if any, apparently in possession of such liquor or of the premises wherein the same are found, and another copy of such warrant shall be posted in a conspicuous place upon said premises *   *   *.   At the time and place specified in the notice contained in such warrant, any person claiming any right, title or interest in the liquor seized under such warrant or in the vessels containing the same   *   *   *   may interpose an answer controverting the allegations of the complaint upon which such warrant was issued.   If such answer is interposed, the issue thus framed shall be deemed an action pending in the court of the judge or justice who issued the warrant, between the People of the State of New York and the liquor so seized and may be entitled in the name of the said State and against the liquor so seized, adding for identification the name of the person or persons interposing such answer and claiming or defending the liquor so seized, and shall be tried in said court as other issues of fact are tried therein, and shall be entitled to the preference prescribed by law for an action brought by the People of the State."   Seizure by a peace officer without a warrant is authorized by subdivision 6 of section 802-b, which, so far as material to this case, provides:   " Whenever a peace officer shall find any person   *   *   *   in the unlawful possession thereof [of intoxicating liquor] outside of his private dwelling, he may, without a warrant, seize any and all such intoxicating liquor and the vessels containing the same *   *   *.   The officer shall make a return of his proceedings to a judge who would be authorized to issue a warrant for such a seizure, setting forth the grounds on which the seizure was made, and such return shall be deemed to be a complaint for the purposes of this section; and the provisions of this

section relating to proceedings for seizure pursuant to a warrant shall apply to such liquor, vessels and property. Such peace officer shall possess all powers and be charged with all the duties herein provided."

It is evident that the provision for the service and posting of copies of the warrant is not to show the authority of the officer for the seizure, but to insure notice of the judicial proceeding for a forfeiture of the goods, thus affording any one having or claiming to have any right, title or interest therein an opportunity to be heard.

Unless the provisions of subdivision 2, providing for a notice and an opportunity to be heard, are read into subdivision 6, the latter subdivision would be unconstitutional. The mere possession of liquors outside the private dwelling of the owner is not declared to be a nuisance. It is the manufacture or sale of intoxicating liquors to be used for beverage purposes or the manufacture or sale thereof for non-beverage purposes, without a Federal permit, which shall have been registered (Penal Law, § 1212), that is declared by section 802-b of the Code of Criminal Procedure to be a nuisance which warrants seizure, forfeiture and destruction of the liquor and the vessels in which it is contained. Every seizure, whether with or without a warrant, gives rise to a justiciable question, which must be solved in a judicial proceeding before forfeiture can be enforced. It is evident that it was the intent of the Legislature that, so far as possible, the proceeding where seizure was made with a warrant should be adapted to and followed in a proceeding where seizure was made without a warrant. Reading these provisions into subdivision 6, *mutatis mutandis*, it would provide that the officer shall, at the time of making the seizure, deliver a copy of the notice to the person keeping such liquor, if he be present at the time of such seizure, and if he be not present, then to the person, if any, apparently in possession of such liquor, or of the premises wherein the same was found, and another copy of such notice shall be posted in a conspicuous place upon the premises. Such notice shall be directed generally to all persons claiming any right, title or interest in such liquor or the vessels containing the same, to appear before the judge or justice, to whom the officer shall make his return,

at a place and a time therein specified, which shall not be more than twenty days nor less than ten days after the seizure, and show cause why such liquor and vessels containing the same should not be forfeited. The return of the officer shall be deemed to be the complaint. At the time and place specified in such notice, any person claiming any right, title or interest in the liquor seized without a warrant or the vessels containing the same, may interpose an answer controverting the facts stated in the return, and thereafter the proceedings set forth in subdivision 2 shall apply. The officer making the seizure must give immediate notice to the district attorney of the time and place of the return of the notice as required by subdivision 7 of section 802-b.

This makes a consistent provision for notice and a hearing, and is what is meant by the language used in subdivision 6, " and the provisions of this section relating to proceedings for seizure pursuant to a warrant shall apply."

This procedure was not followed in this case. No notice was given of a hearing until nearly a month after the order to show cause why the liquor should not be returned, and nearly three months after the seizure was made. To enforce a forfeiture the most rigid compliance with the statute is required, and if all the statutory safeguards are not complied with, the owner is entitled to have the goods illegally taken returned. (*Matter of Liquors at 26 W. Third St., Mount Vernon,* 189 App. Div. 109.)

The district attorney urges that the Federal permit was not filed in the office of the county clerk until after the seizure was made, and hence the possession of Ritsos was illegal. The time and place to have presented that argument and the facts tending to sustain it, would have been within not more than twenty days after the seizure was made before the court where the return was made. The seizure having been illegal for the reasons given above, an issue cannot be tendered for trial in any other manner than that provided for by law.

The order will be reversed and the motion granted.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed and motion granted. Settle order on notice.