PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* 3 100-GALLON STILLS, and 1 CONDENSER, and JOHN DOE, Name Fictitious, True Name Being Unknown, Defendants.

County Court, Kings County, December, 1922.

**Search warrant — omission of judge's name on copy technical error only and amendable — Code Crim. Pro. § 802-b.**

The omission from the copy of a search warrant issued under section 802-b of the Code of Criminal Procedure, of the name of the judge who signed the original warrant, is purely a technical error and is amendable by service of a new notice fixing another date for the hearing.

MOTION to vacate a search warrant.

*John E. Ruston,* district attorney (*John Moore,* of counsel), for People.

*Frederick Hughes,* for defendants.

TAYLOR, J. This is a motion to vacate a search warrant issued under section 802-b of the Code of Criminal Procedure. The ground of the motion is that the copy of the warrant and notice, delivered to the person from whose possession the property was taken, fails to show the name of the judge who signed the original warrant.

Although not a true copy, I am inclined to think that this is one of the remedial errors covered by the amendment provisions of the statute in question. The purpose of delivering a copy of the warrant is to give notice of the forfeiture proceeding, so that the person from whose possession the property is taken may have an opportunity to appear and contest the same. *People* v. *Diamond*, 199 App. Div. 497. Such notice is essential, because obviously an *ex parte* disposition of property following seizure under search warrant would, in the absence of a conviction of the person from whose possession the goods were taken, violate such person's constitutional right to due process of law. *Stuart* v. *Palmer*, 74 N. Y. 183; *Gilman* v. *Tucker*, 128 id. 190; *Coxe* v. *State*, 144 id. 396; *Colon* v. *Lisk*, 153 id. 188; *Matter of Grout*, 105 App. Div. 98. However, the notice in this case contained all information necessary to enable the person from whom the goods were taken to attend and contest the forfeiture proceeding. The omission in the copy of the judge's signature is a purely technical error. The proceeding being statutory that omission might nevertheless furnish ground for an order vacating the warrant, were it not for the following saving provision in the statute: " Such proceeding shall be heard and be determined upon the merits and shall not be dismissed on account of any technical defect, which may be corrected by amendment." See, also, *People* v. *Wicka*, 117 Misc. Rep. 364; *Matter of Holcomb*, Id. 356. The amendment may be supplied by serving a new notice fixing another date for the hearing.

Motion denied.

Ordered accordingly.