---

(173 App. Div. 686)

### GREEN, State Commissioner of Excise, v. CERTAIN LIQUORS.
### Appeal of INGRASSIA.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. APPEAL AND ERROR ⊚⟿907(1)—SCOPE OF REVIEW—RECORD ON APPEAL—PRESUMPTIONS.

Since the opening is a brief statement of the nature of the action, the issues, and the facts the party expects to prove, and the proof must conform to the pleadings, it will be presumed, in the absence of the opening from the record, that it conformed to the party's pleading.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2915, 3673, 3678; Dec. Dig. ⊚⟿907(1).]

2. INTOXICATING LIQUORS ⊚⟿247—NUISANCE PROCEEDINGS—DEFENSES—UNITED STATES LICENSE.

That the owner of intoxicating liquors has a United States license for sale in quantities exceeding five gallons is a good defense to a forfeiture proceeding under Liquor Tax Law, § 33, as amended by Laws 1913, c. 614, if the evidence shows that he conducted his place according to such license.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 367; Dec. Dig. ⊚⟿247.]

3. INTOXICATING LIQUORS ⊚⟿247—REGULATION AND TAXATION—STATUTES—CONSTRUCTION.

Liquor Tax Law (Consol. Laws, c. 34) § 30, providing that it is not lawful for one who has not paid the tax required by section 8 to sell, offer, expose for sale, or give away liquors in less than five gallon quantities, must be read with section 33, providing that liquors kept for sale or distribution in violation of the Liquor Tax Law are forfeited to the state, so

that the inquiry in a proceeding to forfeit is whether the liquors were kept for the purpose of violating the statute.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 367; Dec. Dig. ☞247.]

4. INTOXICATING LIQUORS ☞250—ILLEGAL DISTRIBUTION—GIFT.

A single gift of liquor is not, in and of itself, sufficient to prove an unlawful purpose in keeping the liquors, when the person who has them has obtained a license which justifies his keeping the same for a lawful purpose.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 386-388; Dec. Dig. ☞250.]

5. INTOXICATING LIQUORS ☞250—ILLEGAL SALE—BURDEN OF PROOF.

The burden is on the excise officer, seeking to forfeit liquors under Liquor Tax Law, § 33, to prove that the intoxicating liquors, the owner of which has a federal license to sell in five-gallon quantities, were kept for the purpose of illegal sale in lesser quantities.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 386-388; Dec. Dig. ☞250.]

6. INTOXICATING LIQUORS ☞156—ILLEGAL DISTRIBUTION—GIFT.

A gift of liquor is not unlawful, unless made with the intent to conceal an unlawful traffic.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 153; Dec. Dig. ☞156.]

Appeal from Trial Term, New York County.

Proceeding by George E. Green, as State Commissioner of Excise, for forfeiture of liquors seized at 1073 First avenue, borough of Manhattan, New York City. From judgment of forfeiture, Gaetona Ingrassia, owner, appeals. Reversed, and new trial ordered.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Joseph Weber, of New York City, for appellant.
T. Channon Press, of New York City, for respondent.

McLAUGHLIN, J. [1] This appeal is from a judgment declaring intoxicating liquors seized under the Liquor Tax Law (chapter 39 of the Laws of 1909, as amended by chapter 614 of the Laws of 1913) to be a nuisance and forfeited to the state. At the beginning of the trial the attorney for the plaintiff moved, upon the opening of defendant's counsel, for judgment, which motion was granted. The opening is not set out in the record, but I think the rule to be applied is the one where a complaint is dismissed under similar circumstances. This rule is that the opening is a brief statement of the nature of the action, the issues to be tried, and the facts which the party expects to prove. The proof must conform to the pleadings, and it is to be presumed, when such statement is not set forth, that it followed the pleading under which it was made, and it cannot be assumed, "even to support a judgment on appeal, that the opening contained either a fatal admission or anything inconsistent with the allegations of the complaint, as that would be opposed to its nature and a departure from the usual practice." Kley v. Healy, 127 N. Y. 555, 28 N. E. 593.

[2] Here the answer contained denials which required the plain-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tiff to prove the material allegations of the complaint. The answer also set up, affirmatively, that the defendant was lawfully trafficking in liquors at the place where they were seized, pursuant to the laws of the United States of America for the sale of liquors in quantities of more than five gallons at a time. This certainly would be a good defense, if the evidence showed that the defendant was conducting the place where the liquors were found for sale and distribution of liquors of more than five wine gallons at a time.

[3-6] The judgment is sought to be sustained under section 30 of the Liquor Tax Law, which provides, among other things, that it shall not be lawful for any person who has not paid a tax as provided in section 8 of the same law to sell, offer, or expose for sale, or give away liquors in any quantity less than five wine gallons at a time. But this section must be read in connection with section 33 of the same law, which provides in part:

"Liquors stored or deposited in any place in this state * * * for the purpose of sale or distribution therein, in violation of the provisions of this chapter, and the vessels in which such liquors are contained, are declared to be a nuisance and are forfeited to the state when seized."

So that the question presented is whether the liquors which were seized were stored in the place for the purpose of selling or giving them away in less than five gallons at a time. A single gift of liquors is not, in and of itself, sufficient to prove an unlawful purpose in keeping the liquors, when the person who has them has obtained a license which justifies his keeping the same for a lawful purpose. The appellant had obtained a license from the United States government which authorized him to sell in quantities of more than five gallons at a time. His possession, therefore, was legal, and the liquors could not be forfeited, unless his purpose was to dispose of them in quantities of less than five gallons at a time. The burden of proving that fact was upon the plaintiff. The statute is a drastic one, and, before one's property can be confiscated under it, clear and satisfactory proof of its violation must be presented. The fact that the appellant gave away one gallon of wine, under the circumstances indicated by the learned justice who presided at the trial, did not establish that liquors were kept, stored, or deposited by the claimant for the purpose of an unlawful sale or disposition. A gift of liquors is not unlawful unless made with the intent to conceal an unlawful traffic. There is no proof that this gift was for that purpose.

The judgment appealed from, therefore, is reversed, and a new trial ordered, with costs to appellant to abide event. All concur.