HERBERT S. SISSON, as State Commissioner of Excise of the State of New York, Appellant, *v.* TWENTY-FIVE BARRELS OF BEER Claimed by WEST END BREWING COMPANY OF UTICA, NEW YORK, Respondent.

Fourth Department, April 30, 1919.

**Intoxicating liquors — vehicle license issued under subdivision 5 of section 8 of Liquor Tax Law not limited to location described in certificate issued under subdivision 2 — confiscation proceeding under section 33 — evidence insufficient to establish unlawful purpose in possessing liquor — possession of United States certificate merely presumptive evidence.**

Where a brewing company has a United States retail and wholesale malt liquor dealers' certificate posted in its storehouse, and has taken out a certificate under subdivision 2 of section 8 of the Liquor Tax Law for its premises in another city, and has also a vehicle license under subdivision 5 of section 8 of said statute, which license does not purport to relate to any particular premises, the latter license is not limited to the location described in the certificate under subdivision 2 and, hence, may be used in other parts of the State in connection with the license issued under subdivision 2 for premises in a particular city.

In a confiscation proceeding against said brewing company it was proved that it was customary to load a truck with beer at its storehouse and deliver same in quantities of less than five wine gallons, but not less than three wine gallons to such corporations and persons as might order same, and that shortly prior to the commencement of the proceeding special agents of the State Department visited the company's storehouse and ordered a case of beer to be delivered at their premises. *Held*, under the circumstances, that there was no unlawful purpose in the possession of said liquor by the brewing company.

The possession of the United States certificate raises a presumption only, and is not controlling in the determination of the question of intent.

Assuming that the ordering of the case of beer constituted a sale and was unlawful, it is not conclusive on the essential of a guilty intent, but is a mere circumstance.

APPEAL by the plaintiff, Herbert S. Sisson, as State Commissioner of Excise, from a judgment of the County Court of Oneida county, entered in the office of the clerk of said county on the 16th day of January, 1919, directing the return to the claimant of twenty-five barrels of beer and other liquors seized by the State Commissioner of Excise in confiscation pro-

ceedings, with notice of an intention to bring up for review the findings of fact and conclusions of law upon which the judgment is based.

*James S. Whipple* and *Harry D. Sanders*, for the appellant.

*C. D. Phillips* and *Timothy Curtin*, for the respondent.

Lambert, J.:

This is the ordinary confiscation proceeding under section 33 of the Liquor Tax Law (Consol. Laws, chap. 34 [Laws of 1909, chap. 39], as. amd. by Laws of 1913, chap. 614, and Laws of 1916, chap. 417) against malt liquor claimed to have been kept and stored at No. 100 Jasper street, Rome, N. Y., " for the purpose of unlawful sale and distribution." The gravamen of such proceeding is the unlawful purpose.

Upon the trial it was developed that the claimant, the West End Brewing Company of Utica, N. Y., had erected a storehouse and cooler at this location in the city of Rome. It was stipulated that the claimant had a United States retail and United States wholesale malt liquor dealers' certificate posted in the premises. It was also agreed that the claimant had no State certificate under subdivision 1 or 2 of section 8 of the Liquor Tax Law designated as applicable to these particular premises.

The claimant had taken out a certificate under subdivision 2 of section 8 of the State law for its premises in Utica. It had also taken out a vehicle license under subdivision 5 of section 8 which vehicle license did not purport to relate to any particular premises. (See Consol. Laws, chap. 34 [Laws of 1909, chap. 39], § 8, as amd. by Laws of 1917, chap. 623, and Laws of 1918, chap. 473.)

It was proved that the custom of the brewing company in Rome was to load a truck with its beer, at this storehouse, and deliver same in quantities of less than five wine gallons, but not less than three wine gallons, to such persons and corporations as might order same. Orders were taken either by personal visitation or over the 'phone.

Shortly prior to the institution of the proceeding in May, 1918, special agents of the State Department visited this storehouse, representing themselves to be engaged in a canvassing project,

stating that they were boarding at an address which they gave and wished to purchase a case of beer to be delivered at their premises. A young lady, bookkeeper in the office, was the individual whom they saw. She agreed to have the delivery made and they paid her therefor the agreed price.

Basing its contentions upon possession of the United States retail certificate (which by the said act is made presumptive evidence of traffic), together with this traffic transaction with the bookkeeper, and the general course of transacting this business, the department appeals from a judgment herein which refuses to find the essential, unlawful purpose in the possession of this liquor by the brewing company.

The possession of the United States certificate raises a presumption only, but is not controlling in the determination of the question of intent.

The county judge determined that the transaction above described, with the bookkeeper, amounted to a sale at the premises and that such sale was unlawful. It was no doubt unlawful if it was in fact, a sale. Whether it was a sale is in serious doubt. (*Matter of Lyman,* 40 App. Div. 46; *Riley* v. *State,* 43 Miss. 397; *Coplay Iron Co.* v. *Pope,* 108 N. Y. 236.)

If it was, in fact, a sale, then title passed at that instant. Title having passed, the liquor in question could have been replevied by the purchaser. The transaction did not proceed to the point of identifying any particular case of beer. The agreement was simply that a case of beer would be delivered at a later time. I doubt if the transaction amounted to a sale at that time. It was more in the nature of an executory contract to sell.

However, it is not essential to pass upon that question in this case.

Assuming it to have been a sale and to have been unlawful, such transaction is not conclusive on the essential of a guilty intent. It is a mere circumstance, and the single transaction is not in and of itself sufficient to prove an unlawful purpose in keeping the liquors. (*Green* v. *Liquors Seized at No. 1073 First Ave.,* 173 App. Div. 686.)

The contention of the department that the vehicle license did not justify the course of business ordinarily carried on as described by the witnesses, is without merit. The claim

is that a certificate under subdivision 5 of section 8 of the Liquor Tax Law is an adjunct to the certificate under subdivision 2 and hence is to be limited in its location to the location described in the certificate under subdivision 2. Concretely applied, this would prohibit a vehicular license good in Rome, in connection with the license under subdivision 2, issued to premises in Utica. The statute indicates quite the contrary intent. It purports to license the sale of malt liquors " at any place other than that stated in such liquor tax certificate." It specifies a flat license rate of $190, without any reference whatsoever to population of any community, such as ordinarily controls the size of a liquor tax license fee. The same subdivision also indicates that it is good throughout the license territory within the State, when it carefully provides that it cannot be made good in no-license territory.

There is, then, no impediment to the use of this vehicle license in Rome, in connection with the subdivision 2 license issued to premises in Utica.

This leaves the department's case, then, to rest solely upon the possession of the United States retail certificate, coupled with the incident transpiring with the bookkeeper and above described. Neither item of proof is controlling and each is but an incident.

Taking all the circumstances into account, I deem the finding of the county judge to the effect that there was no unlawful purpose to be well established by this record and I see no reason why this result should be disturbed.

There are various minor questions of fact involved, but I think in each instance the same have been correctly determined.

I recommend an affirmance, with costs.

All concurred.

Judgment affirmed, with costs.