PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THIRTY-ONE CASES OF LAGER-BEER, Defendant.

(County Court, Fulton County, August, 1919.)

**Liquor Tax Law, § 33 — evidence — trial — dismissal of complaint.**

> The complainant in a proceeding taken under section 33 of the Liquor Tax Law to declare a forfeiture of liquor seized, in order to succeed, must prove that liquor was "kept, stored or deposited for the purpose of unlawful sale or distribution within this state."
>
> Where the proof only shows that the lager beer seized was found at defendant's residence, he is entitled to judgment dismissing the complaint and for the return of the beer to the place from which it was taken.

PROCEEDINGS under section 33 of the Liquor Tax Law.

J. W. Titcomb, district attorney, for plaintiff.

G. Park Young, for Tony Cristiano.

TALBOT, J.   It is conceded that Tony Cristiano, a resident of the city of Gloversville, had on his premises thirty-one cases of lager-beer. A part was in his cellar, and the residue was still upon a truck when the same was seized under the warrant heretofore issued herein. It is also conceded that the property where the beer was found was Cristiano's residence, and there is no suggestion that any part of the premises is or ever has been used for anything except residence purposes. There is no evidence that any of this beer or any other beer or liquor has ever been sold or given away from these premises or by Cristiano from any place. In short, the case stands upon the bare fact

31

County Court, Fulton County, August, 1919. [Vol. 108.

of the beer in question being found and seized upon Cristiano's premises in the city of Gloversville, which has concededly been legally " dry " since October 1, 1918.

By section 33 of the Liquor Tax Law, under which this proceeding has been taken and which must govern the rights of the parties herein, the right to declare a forfeiture of the liquor seized depends upon proof that such liquors were " kept, stored or deposited for the purpose of unlawful sale or distribution within this state." Under. subdivision 4 of that section certain presumptions of law are enumerated none of which are applicable to the facts here concerned. Whether the enumeration of these presumptions is restrictive upon the right to draw other presumptions, as might be claimed under a familiar rule of statutory construction, is perhaps not material to consider. Neither is it of consequence here that the possession was unlawful. Laws of 1919, chap. 469.

It was held in *Farley* v. *Certain Liquors Seized,* 84 Misc. Rep. 104, that " The plaintiff to succeed (in a proceeding under this section) must establish that the liquors seized were kept, stored or deposited for the purpose of unlawful sale or distribution." It has also been held that " The statute is a drastic one and before one's property can be confiscated under it, clear and satisfactory proof of its violation must be presented. The burden of proving that fact was upon the plaintiff." *Green* v. *Liquors Seized, etc.,* 173 App. Div. 686. " A single gift of liquors is not, in and of itself, sufficient to prove an unlawful purpose in keeping the liquors, an intent to conceal an unlawful traffic not being shown. " *Green* v. *Liquors Seized, etc.,* 173 App. Div. 686.

Under the foregoing rules it does not seem permissible to draw an inference that the liquors in question

were kept, stored or deposited for the purpose of unlawful sale or distribution from the bare fact of their possession by Cristiano within dry territory.

It follows that judgment must be entered dismissing the complaint and providing that such liquors and the vessels containing the same be returned to the place from which they were taken.

Judgment accordingly.